## WARREN vs. GORDON et al.

APPEAL FROM COUNTY COURT, MILWAUKEE COUNTY.

Heard July 1, 1859.]                    [Decided February 7, 1860.

### *Judgment—Practice—Summons.*

In an action upon a penal bond, the summons and judgment should be for the amount of the penalty; but the execution can only issue for the amount actually due.

In an action upon such bond, the summons was for *relief*, and the complaint, a copy of which was served therewith, demanded the appropriate judgment for the penalty, and judgment by default was entered for the damages assessed, which were less than the penalty: *Held*, that such judgment would not be reversed on appeal, the irregularities complained of affecting no substantial right, were cured by statute.

This was an action brought by Dewey K. Warren, Sheriff of Waukesha, against Lefebre D. Gordon, Orvis French, and D. Edgar French, upon an indemnity bond, given by the defendants to the plaintiff, to secure him in making a levy in an attachment case, of Gordon against one Peter Smith. The penalty in the bond was $800. The goods taken were appraised at $433, and taken from the possession of one Franz Hœnig, who subsequently recovered a judgment against the plaintiff, in replevin, which the plaintiff had been obliged to pay. The complaint, which was served, claimed for the judgment and costs, attorney's fees, witness' fees, and for labor in defending the replevin suit, amounting to $800. The judgment was for $650 54, and costs, $37 65. The other facts appear by the opinion of the court.

*Downer & Ladue,* for the respondent.

*J. H. Paine & Son,* for the appellants.

*By the Court,* DIXON, C. J. This is an action upon an indemnity bond, executed by the appellants to the respond-

ent, as sheriff of Waukesha county. It was instituted in the county court of Milwaukee county, on the 21st day of January, 1859. The complaint is in the usual form, avering breaches, and demanding judgment for $800, the penalty of the bond, besides costs of action. The summons is for *relief*. The defendants having failed to answer, the plaintiff, at the ensuing February term, took judgment by default, for $650 54, being the amount of damages assessed for the breaches assigned in the complaint, and the costs of the action. From this judgment the defendants appealed to this court, and ask that it be reversed, because the complaint states a cause of action arising on contract for the recovery of money only, and demands the appropriate judgment; and the summons should therefore have been in the form prescribed by the first part of section 3, chapter 124, of the Revised Statutes, and have notified the defendants, that the plaintiff would take judgment for the penal sum named in the bond.

There can be no doubt that the summons was irregular. The action was upon a contract for the recovery of money only. The judgment is also irregular, in not having been taken for the penalty. Section nineteen, of chapter 140, of the Revised Statutes, provides that in all actions brought for the breach of the conditions of a bond, judgment shall be entered in the common form, for the penal sum, but no execution shall issue thereon, except as provided in the following sections. The subsequent sections provide for the assessment of the amount actually due, and the issuing of execution therefor. However, as neither of these irregularities affect the substantial rights of the appellants, the judgment of the county court must be affirmed. Sec. 40, chap. 125, R. S.

Judgment affirmed.

PAINE, J., tried this cause below, and did not participate in the hearing on appeal.