Wheeler et al. vs. Smith.

---

### WHEELER and another vs. SMITH.

18    651
52 LRA 652n

Where an infant sues in justice's court, the summons should describe the plaintiff as "an infant who sues by A. B., who is appointed by the court to prosecute for him," &c.

An irregularity of the summons in omitting these words may be corrected, on motion, after the parties have appeared.

Such an irregularity is a mere technical defect ; and where an objection to the summons on that ground was overruled by the justice (a next friend having in fact been appointed), and a trial had on the merits: *Held*, that the circuit court, on appeal from a judgment in favor of the plaintiff, should have disregarded the defect in the summons.

After a cause was submitted by both parties, the justice took time to consider, and made an entry on his docket that the cause was "continued" to a specified day and hour (being within the time limited by sec. 96, ch. 120, R. S.), but without

mentioning any *place. Held,* that the omission did not operate as a discontinuance of the cause.

The case distinguished from *Roberts v. Warren,* 3 Wis., 786, and *Brown v. Kellogg,* 17 id., 475.

The presumption, in such a case, must be, that the decision will be rendered where the cause was tried.

APPEAL from the Circuit Court for Waupacca County.

This action was commenced before W. B. Hibbard, Esq., a justice of the peace in said county, by *F. F. Wheeler* and *H. B. Wheeler,* for goods sold and delivered by them (under the firm name of *F. F. Wheeler & Co.*) to the defendant. After the service of the summons, and after the parties had appeared at the time specified in said summons, the defendant procured the cause to be removed before another justice, to wit, J. V. Andrews, Esq. The docket of Justice Andrews states that the defendant appeared specially before him to object to the summons, and asked to have the cause dismissed " because it appeared, from the proceedings already had, that the plaintiff *F. F. Wheeler* was an infant, who had not sued by his next friend." Motion denied. Against the defendant's objection, the transcript of Justice Hibbard's docket, as filed with Justice Andrews, was allowed to be amended by the former so as to show that Wm. E. Wheeler was appointed by said justice next friend of *F. F. Wheeler* previous to the service of the summons in the action. The plaintiffs' action was for goods sold and delivered, and they filed a bill of particulars. The defendant answered that, on &c., he settled with plaintiffs, and paid their account in full, and since that time had not become indebted to them in any sum. On the trial, *F. F. Wheeler,* for the plaintiffs, testified that certain books produced by him were the account books of *F. F. Wheeler & Co.,* in which they had kept their account against the defendant; that they contained the original charges against him, and that these were made at the time the goods were delivered; that the entries were just, to the best of his knowledge and belief; and that most of them were in his own hand-writing. *Question,* by de-

fendant: "Do you make accounts on slips of paper?" *Answer*: "Sometimes." *Question*: "Do these books contain all the original charges against the defendant?" *Answer*: "They do; I sometimes draw off the charges on slips of paper; I charge at or about the time the goods are delivered." The defendant objected to the books being received in evidence, because it appeared that the entries were not all in the witness's hand-writing. Objection overruled. The printed case then sets out an account under the title of "Plaintiff's Bill," containing a variety of items debited against defendant, and adds that the witness further testified as follows: "The above articles are all charged in my hand-writing; the balance of charges on bill on file marked "A" are in my brother's handwriting." The bill marked "A," and the charges thus referred to, do not appear in the printed case; and the controversy was wholly upon certain of the charges made in the witness's hand-writing. These were for articles some of which (amounting to $5.15,) were delivered to one Burbank, and others (amounting to $1.75) to one La Dow; and it appears that the plaintiffs made out a bill to November 4th, 1862, including those articles, and presented it to the defendant, who objected to them; and that plaintiff afterwards drew off a new bill up to January 14th, 1863, omitting those charges, which defendant paid, and plaintiffs receipted. Plaintiff *F. F. Wheeler* testified: "I told *Smith* I would draw off a new bill, and wait till Burbank came home. I told him I did not like to receipt the bill until I saw Burbank. He told me that if Burbank said that he got the goods for him, and used them for him, he would pay for them." The defendant, in his testimony, contradicted the last statement, and said that he told the plaintiffs they must look to Burbank for their pay. It appears that Burbank, on his return, insisted that he had obtained the goods for the defendant's use, and by his consent; and so he testified at the trial; but there was some conflicting testimony upon that point. There was a subsequent credit to the defendant, on account,

under date May 1, 1863, for $1.31 ; and there was conflicting evidence as to whether this payment was understood by the parties as a full settlement of account to that date.

After hearing the testimony and the arguments of counsel on the 29th of May, 1863, the justice made the following entry on his docket; "Cause submitted to the court; continued to June 1st, 1863, at 9 o'clock, A. M." On the day last named, judgment was rendered in favor of the plaintiffs for $6.20 damages ; and the defendant appealed.

The circuit court reversed the decision of the justice, and the plaintiffs appealed.

*E. L. Browne*, for appellants :

1. Even if the judgment of the justice had not been in accordance with the weight of evidence, it would have been error in the circuit court to reverse it on that ground, since "the testimony was at least conflicting, and the finding of the justice thereon was conclusive." *Persons v. Burdick*, 6 Wis., 63. 2. A next friend having been actually appointed as required by statute, it was not necessary that the fact should be stated in the summons. The statute does not require it. It might be necessary in a court of record, where process and pleadings are more formal than in justice's court; but if the fact did not so appear, the process would be amendable under the statute. In New York, where a guardian was not appointed in a case at the proper time, it was allowed to be done *nunc pro tunc.* *Willis v. Underhill*, 6 How. Pr. R., 396 ; 8 id., 201 ; *Forest v. Forest*, 3 Code R., 254. The object of a next friend is, that some responsible person may be liable for the costs. 3. It was error for the circuit court to reverse the judgment of the justice for a mere formal error in the summons, which might have been amended either before or after judgment in either court. R. S. ch. 125, secs. 37, 40 ; ch. 120, sec. 218 ; *Baker v. Volton*, 10 Johns., 240; *Bowen v. Farne*, 16 id., 160 ; *Warner v. Gordon*, 10 Wis., 500; *Hafern v. Davis*, id., 502. 4. The respondent waived the alleged error by contesting the case upon the

merits, and appealing. *Lowe v. Stringham*, 14 Wis., 422. 5. The act of the justice in taking time from May 29th to June 1st, after the cause was submitted, was in accordance with sec. 96, ch. 120, R. S.

*Sessions & Reed*, for respondent, argued, 1. That though it were admitted that a "next friend" had been duly appointed by the justice, yet there was nothing in the record to show that the next friend had ever brought the action, and the infant being incapable of appearing or bringing an action, except by a next friend, it followed that there was never any action legally brought, nor any appearance on the part of said plaintiff, and that the justice had no jurisdiction. R. S., ch. 120, sec. 39; Voorhies' Code (4th ed.), pp. 101, 102, 105–7; Howard's Code, 1862, pp. 146–8; 8 Wend., 361; 11 id., 166; *Sagendorf v. Shult*, 41 Barb., 102; 9 Wend., 449; 3 id., 424; 7 id., 45; 2 Hill, 417; 3 How. Pr. R., 407. 2. The justice erred in admitting the books of account after the witness *F. F. Wheeler* had admitted that only part of the entries were in his own hand-writing, the person in whose hand-writing the others were made not being produced as a witness, nor his death shown. R. S., ch. 137, secs. 88, 89; 3 Phil. on Ev., note 201; 16 Wend., 586; 2 Hill, 537; 1 Wis., 1. 3. The continuance of the cause from May 29th to June 1st, without specifying the place, or at whose request, or for what purpose, operated as a discontinuance. R. S., ch. 120, sec. 11, subd. 5, and sec. 96; 3 Wis., 736; Howard's Code (3d ed.), 74; 2 E. D. Smith, 22, 43. 4. The testimony shows that there was a settlement of all the accounts of the parties prior to the commencement of the action, and that the items in dispute were then disposed of. Such a settlement is conclusive unless impeached for mistake or fraud; and evidence in regard to transactions prior thereto is inadmissible, unless such settlement be impeached. 4 Wis., 219; 6 Vt., 163; 15 Wend., 83.

*By the Court*, COLE, J. It appears that a next friend was in fact appointed by the justice before the commencement of the

suit. It did not, however, appear from the summons who the next friend was, or that one had been appointed. The correct practice undoubtedly is, for the summons to describe the plaintiff as " an infant who sues by A. B., who is appointed by the court to prosecute for him as next friend," &c. The summons might have been amended by the justice so as to make it regular, had a motion been made for the purpose. Sec. 4, chap. 120; secs. 37 and 38, chap. 125, R. S. But the irregularity in the process in this particular was a mere technical defect, not affecting the merits, and should have been disregarded by the circuit court. *Warren v. Gordon*, 10 Wis., 499; *Hafern v. Davis*, id., 501; *Carney v. Doyle*, 14 Wis., 270.

The account books were rightly admitted in evidence. The plaintiff *F. F. Wheeler* answered all the questions in respect to the books necessary to make them evidence in the cause. Sec. 88, chap. 137. All the articles in the bill sued on, he said, were charged by him in the books. We perceive no reason why the books should not be evidence of the sale and delivery of those articles.

The proof as to the settlement was conflicting, and therefore the decision of the justice upon that point must be deemed conclusive. This cause was tried by a justice without a jury. At the close of the testimony he took time to consider of his judgment, and made an entry in his docket as follows : " Cause submitted to the court. Continued to June 1st, A. D. 1863, at 9 o'clock A. M." It is claimed that the continuance of the case from May 29th to June 1st, without specifying the place, or at whose request, or for what purpose, operated as a discontinuance of the cause. In *Roberts v. Warren*, 3 Wis., 736, the court held that a justice should enter in his docket every adjournment, stating at whose request and to what time and place, and the court held that an omission of the justice to state, in his docket, the time and place of an adjournment would operate as a discontinuance. This decision we have followed in the case of *Brown v. Kellogg*, 17 Wis., 475. The reason given

in those cases for this ruling is, that the parties have no other means of knowing satisfactorily the time when and the place where to appear with their witnesses to try the cause, except the docket of the justice, or may fall into a mistake upon this point, and therefore the entry of the justice should be explicit in that particular. But this reason relates to an adjournment proper, to enable parties to prepare for the trial of the cause. The statute provides that whenever a justice shall take time to consider upon a cause submitted to him for a decision, he shall continue the cause to a time to be named by him, not more than seventy-two hours from the time the same was submitted, at which time he shall enter judgment. Sec. 96, chap. 120. This is different from the ordinary adjournment. It is a holding open the cause until the justice can examine it and make up his decision. Of course no further testimony can be given, nor can the parties have any further communication with the justice about it. All they can do is to be present and hear the decision. Now when a justice, as in this case, takes the cause under advisement, and states in the docket the hour when he will give his decision, not exceeding the time limited, it seems to us that this is sufficient. If he mentions *no place*, the only presumption which can be made is, that the decision will be rendered where the cause was tried. We therefore think the reason for requiring great strictness in the entry on the docket of the justice in ordinary adjournments, does not apply here.

The judgment of the circuit court is reversed, and the judgment of the justice affirmed.