### KIMBALL V. CASTAGNIO.

If a summons substantially complies with all the material requirements of the statute it will be held valid though not containing the exact language.

*Appeal from County Court of Ouray County.*

THE facts are stated in the opinion.

Mr. ENOS MILES and Mr. WILLIAM STORY, for appellant — *ex parte.*

HELM, J. The judgment complained of in this case was taken upon a default. The questions here raised relate to the sufficiency of the summons: This process contains, *inter alia*, the following: "You are hereby notified that if you fail to appear and answer said complaint as above required, the said plaintiff will take a default against you for said sum of $500, damages and costs, and interest from May 29, 1882."

It is claimed: First, that the omission of the words "judgment by" before the word "default" is fatal to the proceedings; second, that the amount of the judgment that would be taken in case of failure to answer is not sufficiently specified.

This court has held that the statutes relating to this subject — sections 35 and 37 of the Civil Code — are mandatory, and that the process issued must comply therewith. But we do not feel justified in declaring that the exact language of these statutes must be used. It is, in our judgment, sufficient if there be a substantial compliance therewith. The purpose of these provisions is to inform the defendant of the nature of the action, the time for answering, the result in case of failure to answer, etc. And if all of these material objects are clearly accomplished by the process, although other language be used than that of the statute, it would be unreasonable to say that the defendant might be heard to complain.

It is evident that the omission to insert the words "judgment by" before the word "default" in the process before us was a clerical mistake; and that defendant could hardly have been deceived or misled thereby. This omission, however, might be serious if there were nothing else in the process to cure the defect. But we find the following language also used: "You are hereby required to appear  *  *  *  and answer to the complaint filed herein,  *  *  *  or judgment by default will be taken against you, according to the prayer of the complaint." In the face of this language, coupled with that contained

in the latter part of the process, as above set forth, the defendant cannot be heard to say that he was not notified, as the statute requires that, in case of failure to answer, judgment would be taken against him. In view of the foregoing circumstance, the defect under consideration is certainly not fatal to the judgment.

The specific contention under the second objection in this case is that the expression " and interest from May 29, 1882," leaves the amount of the judgment to be taken in case of default indefinite, because it does not show the rate at which such interest is to be computed. This objection is sufficiently answered by another extract from the summons itself. After stating that the action was brought to recover the sum of $500, being the principal due upon a promissory note, the process uses the following language: " And for interest thereon at the rate of one and one-half per cent. per month from May 29, 1882." Here, then, was a clear statement of the rate of interest demanded. It would be hypercritical for us to say that because the summons did not repeat this statement the judgment should be reversed.

We are satisfied with the computation of interest made by the court below. The amount of the judgment is, we think, not excessive. But if counsel's claim were correct, and it appeared there had been a mistake, through which plaintiff was allowed twenty-five cents more than should have been given, we are inclined to the opinion that, under the circumstances here presented, the maxim, *De minimis non curat lex,* should govern our action in this regard. The judgment is affirmed.

*Affirmed.*