[No. 1341.]

CHARLES R. HIGLEY AND MARY JANE HIGLEY, RESPONDENTS, *v.* WILLIAM POLLOCK, APPELLANT.

PRACTICE—MOTION TO QUASH SUMMONS.—Appellant moved to quash the summons, on the ground that the copy served did not show on its face that it was a copy of the original summons. On appeal from an order denying the motion to quash, the copy complained of was omitted from the record. *Held*, that its sufficiency could not be considered on appeal.

IDEM—RETURN ON SUMMONS.—The mere statement of defendant's attorney that no copy of the summons was served, will not be allowed to contradict the sheriff's return on the original summons certifying that a true copy had been served on defendant.

IDEM—NOTICE IN SUMMONS.—The statute provides that in actions arising on contracts for the recovery only of money or damages, the summons shall contain a notice that on failure to answer, judgment will be taken against defendant for a specified sum. The summons served on defendant stated that the action was for the recovery of one thousand eight hundred dollars, for services and for certain property sold to him, which would more fully appear in the complaint on file, a copy of which would be served with the summons, and that if he failed to answer, judgment would be taken in accordance with the prayer in the complaint. The summons did not in itself specify what amount judgment would be taken for on failure to answer. A certified copy of the complaint was served with the summons and prayed for a judgment for one thousand eight hundred dollars, for interest, and for costs. *Held*, that defendant's notice was sufficient.

IDEM—DEFECT NOT AFFECTING SUBSTANTIAL RIGHTS.—The omission in the notice in the summons of the amount for which plaintiff will take judgment on failure to answer, when a certified copy of the complaint served with the summons, states the amount, if it be an error, is not one affecting any substantial right, and the court should, in every stage of the proceedings, disregard it.

IDEM—STAY OF PROCEEDINGS ON MOTION TO QUASH SUMMONS.—A motion to quash summons does not stay proceedings, or deprive the clerk of the power to enter judgment on a money demand against defendant on his default.

APPEAL from the District Court of the state of Nevada, Lander county.

*A. E. Cheney*, District Judge.

The facts sufficiently appear in the opinion.

*David S. Truman*, for Appellant.

I. After an appearance, either general or special, and

answer, demurrer or motion is filed, it is improper to enter default until after its disposition. The legal effect of appellant's motion to quash the summons, or notice thereof, was to put the case in such shape that appellant was entitled to be heard and the plaintiffs to no default. (*Lung Chung* v. *N. P. Railway Co.*, 2 W. C. Rep. 88.)

II. The failure of the summons to state in itself the amount for which plaintiffs would take judgment in the event of defendant's failure to answer, is a failure to substantially comply with the requirements of the statute. (*Sweeney* v. *Schulles*, 19 Nev. 53; *Smith* v. *Aurich*, 6 Col. 388.)

*Henry Mayenbaum*, for Respondents.

I. The notice of motion to quash summons does not specify the papers to be used. (District Court Rule No. 10.) The district court rules have the force of statutes. (*Haley* v. *Bank*, 20 Nev. 410.)

II. A motion does not stay proceedings. The only means to stay proceedings pending a motion is by order of the court or judge. (*Shinn* v. *Cummins*, 65 Cal. 97; *Bryan* v. *Berry*, 8 Cal. 134; *People* v. *Loucks*, 28 Cal. 68; *Jones* v. *Spears*, 56 Cal. 164; *Maynard* v. *Chapin*, 7 Wend. 520; *Oakley* v. *Aspinwall*, 1 Sanford 694; *Goodrich* v. *Downs*, 5 Hill 510; *Benedict* v. *Lord*, 2 How. Pr. 82; *Bacon* v. *Reading*, 1 Duer 622; *Young* v. *Brehe*, 19 Nev. 383.)

III. A special appearance can only be made for the purpose of objecting to the jurisdiction. Appellant's motion to continue and stay proceedings is a waiver of the alleged objection to the summons. The law decides what is an appearance, not the defendant. (*St. Louis* v. *McBride*, 11 U. S.; S. C. Rep. 982 *Jones* v. *Andrews*, 10 Wall. 327; *Elliott* v. *Lawhead*, 43 Ohio St. 171; *Gage* v. *Maryatt*, 9 Mont. 265; *Franse* v. *Armbuster*, 28 Neb. 467; *Curtis* v. *McCullough*, 3 Nev. 202; *Lake* v. *Lake*, 16 Nev. 363; *Sweeney* v. *Schulles*, 19 Nev. 57.)

IV. Appellant's objection to the sufficiency of the notice in the summons is purely technical and does not affect any substantial right of the parties, and therefore if an error is one which the court under the statute would disregard at any stage of the proceedings. The summons in connection with the certified copy of the complaint served on appellant gives him the full statutory notice. The summons without the aid of the

complaint fully notifies appellant of the amount sued for and for which judgment will be taken. All that the statute requires is that the summons should state whether judgment for the sum claimed would be taken by default, *i. e.*, entered by the clerk in contract cases, or whether it would be taken by application to the court in other cases. (3 Estee's Plead. & Forms, S. 3900; 1 Tillinghast & Sherman's N. Y. Practice, 356; *People* v. *Bennett*, 6 Abb. Pr. 343; *Albany County* v. *Classon*, 17 How. Pr. 193; *King* v. *Blood*, 41 Cal. 314; *Shinn* v. *Commins*, 65 Cal. 97; *Baxter* v. *Arnold*, 9 How. Pr. 445; *Willamette etc.* v. *Riley*, 1 Or. 183; *Heinrich* v. *Englund*, 34 Minn. 395; *Kimball* v. *Castagnio*, 8 Colo. 525; *Sweeney* v. *Schulles*, 19 Nev. 57.)

By the Court, MURPHY, J.:

This action was brought by the plaintiffs to recover the sum of one thousand eight hundred dollars, alleged to be due from the defendant for work, labor and services as housekeeper rendered by Mary Jane Higley, and for two horses sold and delivered by the said Mary Jane Higley to the defendant. Summons was issued and served with a certified copy of the complaint on the defendant, by the sheriff of Lander county, in said county, on the 23d day of June, 1890. On the 2d day of July, 1890, the defendant, by his attorney, appeared and filed the following notice of motion: "Now comes the defendant above named and moves this honorable court to quash the summons and service thereof on the defendant (and appears for this purpose only) on the grounds: *First*. That the copy of the summons, if such it is, fails to show that it is a copy of the original summons herein issued, and that said copy of summons which is served on this defendant does not appear on its face to be a copy of the said original summons issued in this cause by any proper authentication. That said summons issued in this cause fails to give this defendant any legal or proper notice required according to law."

We cannot consider the first objection raised, because the copy of the summons complained of is not embodied in the transcript; and the certificate of the sheriff's return indorsed upon the original summons, which is set out in full in the record, sets forth the facts that the sheriff did serve the defendant, "by delivering to said defendant a true copy of the summons, attached to a certified copy of the complaint in this action."

The mere statement of an attorney will not be taken to contradict such a return.

The second objection, in our opinion, is not well taken. It is argued by the attorney for the appellant that the summons is defective, in that it does not conform to the first subdivision of Sec. 3048, Gen. Stat. Nev., which reads as follows : *"First.* In actions arising on contract for the recovery only of money or damages, that the plaintiff will take judgment for a sum specified therein if the defendant fails to answer the complaint." The summons in this case gives correctly the title of the court, the names of the parties to the action, and notifies the defendant of the time and place in which he was to appear and answer; or, if he failed to appear within the time specified in said summons, judgment by default would be taken against him according to the prayer of the complaint.

The cause of action is stated in the summons as follows: " The said action is brought to recover judgment against you [the defendant], for the sum of eighteen hundred dollars, alleged to be due from you [said defendant], to said plaintiff, as follows, to-wit:   One thousand five hundred dollars for labor and services and three hundred dollars, the value of two horses sold and delivered to you at your special instance and request —all of which will more fully and at large appear in the complaint on file herein, a certified copy of which will be served on you with this summons.   And you are hereby notified that if you fail to appear and answer the said complaint as above required, the said plaintiff will take default and judgment against you *in accordance with the prayer of said complaint, and for costs of this suit."*

The contention of the attorney for the appellant is that the failure to specify the amount for which judgment would be taken after the word " you " and before the italicized words, the summons is defective and should have been quashed, because it did not give the defendant legal or proper notice as required by law.   A proceeding for the price of goods or chattels, and the price or value of labor is a proceeding to enforce a contract, either express or implied, by which the defendant is bound to pay for the goods or labor a sum certain by the agreement, or capable of being reduced to certainty by mere calculation from the elements which the agreements contain.

This action is therefore on contract and brought for its performance by the payment of a sum of money which, by its terms, is required of the defendant, and is such a case as falls within the first subdivision of the statute in relation to what the summons shall contain. The section of the statute under consideration is a copy of the New York and California statutes. In New York, civil actions were commenced by the service of summons. A copy of the complaint was not required to be served with the summons; and the courts in that state have held that when the summons was served before a copy of the complaint, it was essential for the pleader to be particularly careful to state in his summons the nature of the relief that he should demand of the court; or, in other words the pleader would not be permitted to state in his summons that he would apply to the court for the relief granted under the second subdivision of section 129 of the New York statute, and when the defendant would examine the complaint he would find that the prayer thereof asked for the relief granted under the first subdivision of said section. Under such circumstances, the pleader was required to amend the prayer of his complaint to conform to the summons, or amend the summons to conform to the complaint. But we fail to find any well-considered case where the summons and complaint were served at the same time, and the prayer of the complaint asked for the relief granted under the proper subdivision of the statute, and the summons set forth that upon the failure of the defendant to answer, the plaintiff would take judgment in accordance with the prayer of the complaint, holding such summons to be insufficient.

In the case of *Brown* v. *Eaton,* before the supreme court of New York, 37 How. Pr. 325, Morgan, J., speaking for the court, said: "When the summons is served before the complaint, and contains a notice under the first subdivision of section 129, and the complaint sets out a cause of action under the second subdivision, it is held by several authorities to be such an irregularity as to require the court to set aside the complaint on motion of the defendant; and it seems to be pretty well established that such an irregularity is not cured or waived by a general appearance in the action. It has been doubted, however, whether the same rule will be applied when the notice in the summons is under the second subdivision, and the cause of action in the complaint authorizes judgment, without such

application, under the first subdivision.   *   *   *   The decisions cited by the counsel are mostly the individual views of judges at special term, and are by no means uniform or consistent with each other.   If the defendant may be prejudiced by the supposed irregularity, I see no reason why he may not appear and move to set aside the complaint.   If he cannot be prejudiced by it, there is no reason why he should be heard at all.

It is evident that the defendant cannot be misled by the form of notice in the summons, *when the summons and complaint are served together*.   The form of the notice in the summons confers no right upon the plaintiff to enter judgment without an application to the court, when such application is necessary by the form of the complaint; and when it is regular to take judgment without such application, it is not irregular to apply for and obtain an order for judgment.   The most that can be said is that it is unnecessary to apply for judgment in such a case.   The defendant is in no way prejudiced by it.   But when the summons *precedes* the complaint, the defendant may be misled to his prejudice.   *   *   *   But as the code expressly authorizes the summons and complaint to be *served together*, I do not think the defendant can rightfully claim that he can appear and say he has been prejudiced, because in *contemplation of law* the summons *precedes* the complaint.   The principal object of the summons is to bring the defendant into court.   If the defendant should appear without service of summons it may be dispensed with altogether.   After the defendant has appeared there is an end of the process.   It has become *functus officio*.   All subsequent proceedings are based upon the complaint, and when they are served together it is a mere fiction to suppose that the summons precedes the complaint.   It is, however, very questionable whether it can be supported as a fiction, for by the very terms of the notice in the summons the plaintiff refers to the complaint.   In the case at bar the notice is that the plaintiff will apply to the court for the relief demanded in the complaint; but without attempting to criticise the decisions which maintain such a *fiction*, or to deny that it may have some truth to support it, it is quite too harmless to justify the defendant in resorting to a motion for the purpose of annoying the plaintiff and subjecting him to costs.

If the correction of the supposed *irregularity* or *variance*

could be of any benefit to the defendant, or if he had been misled by it to his prejudice, there would be some ground for sustaining a motion to set aside the complaint. In my opinion, no such motion ought to prevail where the summons and complaint *are served at the same time,* for the reason that in such a case the complaint alone furnishes the cause or ground of action, and is the only foundation upon which the action can proceed. All the subsequent proceedings and pleadings are governed by the form of the action as stated in the complaint, and in no way by the form of notice contained in the summons. To allow the defendant to overlook the complaint and resort to the summons for the cause of action, for no purpose except to make a dilatory and fruitless motion, is to encourage a practice which has already become very troublesome to parties and very annoying to the courts. Why increase the difficulty by favoring motions to set aside either the summons or complaint, except in case where it is apparent that the defendant has been, or may have been, misled to his prejudice by the form of the summons." The order of the lower court in denying the motion to set aside the complaint was affirmed, with ten dollars costs.

In the case of *McCoun v. Railroad Co.,* 50 N. Y. 176, there were several hundred actions before the supreme court, wherein the same question was involved, and the decision in the above-entitled case was to control in all the others. In each of the summonses the plaintiffs asked for the relief as granted by the first subdivision of section 129, while the cause of action stated in the complaints was such as required the relief granted by the second subdivision of the said section. Allen, J., speaking for the court, said: "It is necessarily wholly immaterial, and cannot, in the nature of things, affect a substantial right of the defendant. whether a summons is under the first or second subdivision of section 129, when a copy of the complaint, as was in all the cases before us except six, is served with the summons. The office of the summons is to bring the defendant into court, to give the court jurisdiction of the person. * * * This is the effective process to subject the defendant to the jurisdiction of the court. The subsequent section—129—directs the insertion of a notice in the summons, in actions on contract for the recovery of money only, that judgment will be taken for a specified sum on failure of the defendant to answer; and in other actions, that application will be made to the court for the

relief demanded.  *  *  *  The purpose of the notice required by section 129 is to inform the defendant of the character of the action and the consequences of a default, that he may understandingly determine whether the protection and preservation of his rights call for an appearance and answer.  But if the complaint is served with the summons, the defendant has more full and perfect knowledge of the cause of action and the consequences of a default than he could get from the summons alone, and if there is an error or defect in the summons it carries with it the remedy and correction, and an effectual preventive against error by any one.  The objection is, that the notice is that the plaintiff will take judgment for a specified sum, instead of notice of an application to the court for the relief demanded, or *vice versa.*  It would be trifling with the rights of suitors, sacrificing substance to the merest form, to hold that the denial of a motion to set aside the summons and complaint under such circumstances affected a substantial right of a defendant; and that he was or could be prejudiced by the particular form of the notice.  Upon the merits, so far as it can be said to have merits, the motion was frivilous.  The service of summons with the notice in the form challenged  *  *  *  is no cause for setting aside the summons.  The question whether a party in court, by the regular service of a summons, irregular it may be in form, shall litigate in that suit or upon the service of another summons, slightly different in form, when he has not been misled, and does not lose the benefit of any defense he may have had, and when the defenses in the action must be precisely the same, does not affect any substantial right.  I am for a dismissal of the appeal.  Such a disposal of this appeal disposes of over five hundred appeals by this defendant from orders made refusing applications to set aside the summons and complaint, because the notice inserted in the summons was not under the right subdivision of section 129, the plaintiffs being different, but the attorneys in many of the cases the same."  To the same effect is the decion in the case of *King* v. *Blood*, 41 Cal. 316, wherein the court said:  "The error or defect claimed to exist in the summons is more technical than real.  I am unable to discover that any substantial right of defendants could be affected thereby, or that the judgment should be reversed on account thereof."

In the case of *Kimball* v. *Castagnio,* 8 Colo. 526, it is said: "This court has held that the statute relating to this subject— sections 35 and 37 of the civil code—are mandatory, and that the process issued must comply therewith; but we do not feel justified in declaring that the exact language of these statutes must be used. It is, in our judgment, sufficient if there be a substantial compliance therewith. The purpose of these provisions is to inform the defendant of the nature of the action, the time for answering, the result in case of failure to answer, etc.; and if all of these material objects are clearly accomplished by the process, although other language be used than that of the statute, it would be unreasonable to say that the defendant might be heard to complain."

Dixon, C. J., speaking for the court in the case of *Warren* v. *Gordon,* 10 Wis. 500, said: "There can be no doubt that the summons was irregular. The action was upon a contract for the recovery of money only. The judgment is also irregular in not having been taken for the penalty. * * * However, as neither of these irregularities affect the substantial rights of the appellants, the judgment of the county court must be affirmed." The errors assigned in the above case were similar to the one under consideration.

Actions are commenced in this state by the filing of a complaint with the clerk of the court and the issuance of a summons thereon. After the filing of the complaint the defendant may appear and answer, or demur, thereby waiving the service of summons; but, if the summons is served, a certified copy of the complaint must be served with it. From the reading of this section it is clear that the complaint is the foundation upon which the plaintiff bases his cause of action. The summons is served merely for the purpose of notifying the defendant of the time, place and court in which he is required to appear, answer or demur, and informs him of the nature of the cause of action.

In our opinion, the complaint and summons in this case answered all the requirements of the statute. They contained all the information the defendant could as: for to apprise him of the precise cause of action which he was called upon to defend, and all the facts a clerk of the court would require to enable him to enter the judgment in case of a default for the exact amount; and there is no reason given in this case why the court should be annoyed by the mere farce of a special ap-

pearance of an attorney asking to have the summons set aside, because in the notice of the relief prayed for in the summons the figures $1,800 were omitted, when the attorney then held in his hands a certified copy of the complaint attached to that summons wherein it was stated : "Wherefore plaintiff demands judgment against said defendant for the sum of eighteen hundred dollars, U. S. gold coin, and interest at the rate of seven per cent. from date of judgment until paid, and costs of suit." And the summons notified the defendant "that, upon his failure to answer as required by the summons, default and judgment would be taken against him in accordance with the prayer of the complaint." Besides, we cannot see how the case fails to come completely within section 3093, Gen. Stat., which reads : "The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or effected by reason of such error or defect."

If there was a defect in the summons, as claimed by the appellant, it could not affect a substantial right, and the court must in every stage of proceedings disregard such errors or defects. The defendant could not suffer nor be in any wise injured by the omission of the figures 1,800 in the closing part of the summons. In the body of the summons there was a statement of the cause of action, and the amount claimed to be due. The complaint contains a cause of action, and the defendant was informed thereby of every fact necessary for him to know in order to protect himself against an unfounded claim, if it be such.

While it is advisable in the issuance of the summons that the statute should be literally complied with, nothing short of a substantial departure therefrom can properly be held to be fatal to a proceeding under it. The provisions of a statute are to be construed with a view to carry into effect its object, and to promote justice, and not to harass and annoy litigants and courts by entertaining frivolous or technical objections, when the same do not in any manner affect the substantial rights of the parties. The recent decisions are to the effect that a substantial compliance with this particular statute is all that is required. (*Bewick* v. *Muir*, 23 Pac. Rep. 389; *Clark* v. *Gunn*, 27 Pac. Rep. 375; *Bucklin* v. *Strickler*, 49 N. W. Rep. 371; *McPherson* v. *Bank*, 12 Neb. 202; *Keybers* v. *McComber*, 67 Cal.

399; *Shinn* v. *Cummins*, 65 Cal. 98; *White* v. *Illis*, 24 Minn. 46; *Kimball* v. *Castagnio*, 8 Colo. 525; *Warren* v. *Gordon*, 10 Wis. 499; *Burndollar* v. *Patton*, 5 Colo. 49.)

Since writing the above, the decision in the case of *Behlow* v. *Shorb*, 27 Pac. Rep. 546, from California, has been received, and is in all respects identical with the question we have passed upon. In that case the court said: "The first point made for reversal is that the court erred in refusing to quash the summons. It is said the notice in the summons was insufficient because it did not state the amount for which judgment would be taken in case the defendants failed to appear and answer, as required by section 407, subd. 4, of the code of civil procedure. We think the summons in effect complies with the requirements of the statute." The motion to quash the summons is without merit.

On the 2d day of July, 1890, the attorney for the defendant filed a notice of motion to set aside the attachment. It appears that he abandoned the motion, as no action has been taken upon it. On the same day he filed his notice of motion to quash the summons. On the 4th day of October, 1890, the default of the defendant was entered by the clerk of the court. On the 10th day of October, 1890, court was in session in Lander county, and the court made the following order, as appears from the minutes thereof: "On motion it was ordered that all proceedings in this cause be stayed until further order of this court." There is a dispute between the attorneys in the case as to who made the motion for a continuance; but from the views we take of the questions involved it is immaterial at whose request the order was made, any further than to say that we think that it would be much more to the credit of the attorneys if they would confine themselves to presenting the merits of the case and not branch off into side issues. On the 6th day of March, 1891, the defendant, by his attorney, filed a notice of motion to open the default, on the ground and for the reason that the default had been entered while the motion to quash the summons was pending and undisposed of. Upon the hearing of the motion the court refused to open said default, and denied the motion to quash the summons. We think the notice of motion to quash the summons on the ground stated did not stay proceedings or deprive the clerk of the court of the power to enter the default

of the defendant when the time for answering had expired.  Our statute reads:  If the defendant fails to answer within the time required by the summons, the clerk of the court, upon request of the plaintiff, shall enter his default; and, if it is a money demand, he can enter a judgment for the amount, showing conclusively that the only appearance that can prevent a default from being entered is by demurrer or answer, or by an order of court, or the agreement of parties staying proceedings.  In some states the statute reads.  "Answer, demurrer or motion." Such is the Colorado statute.

Our statute is copied from the California practice act.  In that state the supreme court, in the case of *Shinn* v. *Cummins*, 65 Cal. 98, said:  "The pendency of the defendant's motion to dismiss, vacate, and set aside the pretended service of summons and copy of complaint did not extend the time specified in the summons for answering the complaint.  When the default was entered there had been no appearance in the case by the defendants."  In the case of *McDonald* v. *Swett*, 76 Cal. 258, it is said: "It was not sufficient ground for setting aside the default that it was entered pending the hearing of the motion to dismiss, and we cannot hold that the facts presented to the court below were of such a character as to make the denial of the motion to set it aside an abuse of discretion.  The motion to dismiss the action did not extend the time to answer."

The action of the judge of which the appellant complains was right.  There having been no such appearance as the statute requires on the part of the defendant in the action, his default was properly taken, and he made no showing of merit on the hearing of the motion to vacate and set aside the proceedings. The judgment of the district court is therefore affirmed.

BIGELOW, J.  I concur in the judgment.