[No. 1394.]

G. PREZEAU, Respondent, v. M. E. SPOONER, Appellant.

Default—Judgment by—Sufficiency of Notice in Summons to Warrant.—Where the notice in a summons in an action on a promissory note is that upon failure to answer the complaint plaintiff will "take judgment * * * according to the prayer of the complaint," and the prayer of the complaint is full and explicit, this is sufficient to warrant the entering of defendant's default and a judgment thereon.

Error Not Affecting Substantial Right to be Disregarded.—Where no substantial right of the appellant can possibly be affected by an error occurring in the lower court, both law and common sense require courts to disregard such error.

Appeal from the District Court, Ormsby county; *Hon. Richard Rising*, District Judge.

The facts are embodied in the opinion.

*James R. Judge,* for Appellant:

Section 3048, Gen. Stats. Nevada, says there shall be inserted in the summons a notice in substance as follows: "First—In an action arising on contract for the recovery only of money or damages that the plaintiff will take judgment for a sum specified therein if the defendant fail to answer the complaint. Second—In other actions that if the defendant fail to answer the complaint the plaintiff will apply to the court for the relief demanded therein."

A glance at the notice contained in the summons will show that it is not the notice contemplated or required by the statute. And not having given the notice required by the statute, respondent was not entitled to a judgment by default nor to have any judgment rendered or entered in his favor by reason of the failure of appellant to enter his appearance therein, the language of the statute clearly making it a condition precedent to the entry of any judgment against defendant that such defendant shall be served with a summons containing a notice of demand or relief sought against him, and until such a summons has been served no binding or valid judgment can be rendered or entered against him. (*Odell* v. *Campbell,* 9 Or. 305; *Lyman* v. *Melton,* 44 Cal. 630; *Ward* v. *Ward,* 59 Cal. 139; *Sweeney* v. *Schultes,* 19 Nev. 53.)

*Robert M. Clarke,* for Respondent:

This record presents a single question, namely: Is a judgment of default, taken upon a complaint, and summons served personally on the defendant, invalid, because the summons, which correctly states the nature of the action and amount demanded in the complaint, does not in the least part thereof, set out and specifically state the amount or sum for which the judgment will be taken?

The statute of this state requires that "there shall be inserted in the summons a notice in substance as follows: First—In an action arising on contract for the recovery only of money or damages that the plaintiff will take judgment for a sum specified therein if the defendant fail to answer the complaint." (Gen. Laws, sec. 3048.)

The prayer of the complaint states the amount demanded by plaintiff, including interest.

The statute also provides that "a copy of the complaint, certified by the clerk or the plaintiff's attorney, shall be served with the summons" (Gen. Laws, sec. 3050), and that "the court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties; and no judgment shall be reversed or affected by reason of such error or defect." (Gen. Laws, sec. 3093.)

That defendant had actual notice of the sum demanded there can be no doubt; the amount is stated in the body of the complaint, in the prayer of the complaint and in the body of the summons. The summons notifies defendant that if he fail to answer, judgment will be taken against him, "according to the prayer of the complaint"—that is, for the sum named therein.

This reference to the prayer of the complaint makes it a part of the summons, and affords defendant ample notice, were the summons otherwise insufficient. (*Caldwood* v. *Brooks*, 28 Cal. 153; *King* v. *Blood*, 41 Cal. 314; *Behlow* v. *Shorb*, 91 Cal. 314; *Higley* v. *Pollock*, 21 Nev. 198.)

The case of *Behlow* v. *Shorb*, *supra*, is directly in point, and decides this case.

The cases cited by appellant's counsel are not to the point. In *Ward* v. *Ward*, 59 Cal., the summons followed the second subdivision of the statute. The notice given to defendant was that plaintiff would apply to the court for relief, not that he would take judgment by default. The same is true of *Sweeney* v. *Schultes*, 19 Nev.

The defendant had ample notice of the nature of the action and amount claimed, and was notified that if he failed to answer judgment, by default, would be taken according to the prayer of the complaint, which reduces the objection to a mere technicality, without substantial merit and wholly immaterial.

"It is the general rule now prevailing in the courts, that wherever and whenever substantial justice is secured, a mere technical error, which is harmless in its character, and which has worked no injury, will not be permitted to defeat or

annul the final conclusion or consummation of judicial proceedings." (*Sweeney* v. *Schultes*, 19 Nev. 58, 59.)

By the Court, BIGELOW, J.:

Appeal from a judgment by default.

The only point involved is the sufficiency of the summons, which was duly served upon the defendant in the county where the action was pending, together with a copy of the complaint. It was stated in the summons that the action was brought to obtain a judgment against the defendant for the sum of $5,000, balance due upon a promissory note, describing it, and $1,000 upon an unpaid check drawn by defendant; and this statement was followed by the following notification: "And you are hereby notified that if you fail to answer the complaint the said plaintiff will take judgment against you according to the prayer of the complaint." The prayer of the complaint was full and explicit. The objection is that the notice does not comply with section 26 of the practice act, in that it does not specify the sum for which the plaintiff will take judgment. This point was fully considered, and ruled adversely to the appellant, in the case of *Higley* v. *Pollock*, 21 Nev. 198, and we are fully satisfied with the law as there laid down. No substantial right of the appellant can possibly be affected by such an error as occurred here, and, such being the case, both law and common sense require us to disregard. (Gen. Stats., sec. 3093.)

The judgment is affirmed.