[No. 8223.]

## SAGE INVESTMENT COMPANY V. HALEY.

1. SUMMONS—*Defects—Motion to Quash.* Action to foreclose a mortgage. The complaint prayed judgment for the mortgage debt, in an amount stated, interest thereon, and for two specified sums paid by plaintiff for taxes, for the sale of the mortgaged premises, and judgment for any deficiency. The summons failed to mention the moneys demanded for taxes paid, but a copy of the complaint was served with it. *Held,* that the omission did not affect

any substantial right of defendant, the defendant could not have been misled thereby, and that under secs. 36 and 41 of the Code a motion to quash the summons was properly denied. (506-508.)

Final decree by default, upon service of the summons, affirmed.

2. —— *Amendment.* On motion and notice, technical defects in the summons may be amended, to conform to the complaint, even after the defendant's default has been entered. (509.)

*Error to Denver District Court.* Hon. JOHN A. PERRY, Judge.

Mr. H. E. LUTHE, for plaintiff in error.

Mr. DAVID P. HOWARD and Mr. RALPH W. McCRILLIS, for defendant in error.

HILL, J., delivered the opinion of the court.

The substance of the plaintiff's complaint (the defendant in error here) is that in another action, to which the parties here and others were parties, a certain deed given by the plaintiff in error to the defendant in error, to certain real estate in Denver, was decreed to be a mortgage to secure a loan made by the defendant in error to the plaintiff in error, the amount of which was fixed in the decree at $88,764.94, with interest. The complaint then alleges the payment by the plaintiff of $954.91 taxes on the property at one time and $469.99 at another. It then sets forth the balance due on the mortgage, and also the taxes paid, and alleges no part of which has been paid except the sum of $60 and $42.40, with the dates of such credits. The prayer is for judgment for $88,764.94, being the mortgage debt, with certain interest, and also for $954.91 and $469.99 with interest account taxes paid less the $60 and $42.40 credits, and that the usual decree be made for the sale of the mortgaged premises for deficiency, judgment, etc.

Summons was issued by the clerk; among other things it states:

"This is an action brought to recover the sum of

$88,764.94, being the amount of principal and interest found to be due said plaintiff under a decree of the court entered of record June 5th, 1913; and for the sale of the mortgaged premises fully set out in the complaint herein and the proceeds applied in payment of the amount due, and that defendant be adjudged to pay any deficiency which may remain after applying all the proceeds of the sale of said premises to the satisfaction of said indebtedness, and for other relief and costs as will more fully appear in the complaint on file herein."

A copy of the complaint was personally served on the defendant with a copy of this summons on June 10, 1903. On June 30th, following, the defendant filed its motion to quash the summons and the service thereof. In the motion it is stated that the defendant appeared specially for that purpose, and expressly limits its appearance for the purposes of the motion. The reasons given for the motion are that the statement of the cause of action in the summons is variant from the complaint, and does not set forth the same cause of action alleged in the complaint. This is followed by a detailed statement which calls attention to the difference, which is in effect that while the complaint prays judgment for the mortgage indebtedness, interest thereon, and the two items of taxes, less the credits, the summons makes no reference to the two items of taxes and credits. On September the 15th following this motion was denied; the defendant elected to stand on its motion to quash, and its default was then entered. On October 4th, following, the plaintiff filed his motion to amend the summons to conform technically with the allegations of the complaint. A copy of this motion was duly served upon the defendant's counsel October 3, 1913, and upon the defendant the following day, together with a notice of when and where it would be called up for hearing, etc., but the defendant made no further appearance for any purpose. Upon October 15th,

following, this motion was sustained. Final decree was entered against the defendant (the plaintiff in error here) upon October 29, 1913, as per the prayer of said complaint. It brings the case here for review.

It is claimed that the court erred in overruling the defendant's motion to quash for the reasons therein stated. We cannot agree with this contention. Section 36, Rev. Code, 1908, among other things, provides that the summons shall state and require the defendant to appear and answer within certain times as therein named, or that judgment will be taken against him according to the prayer of the complaint, and that the summons shall briefly state the sum of money or other relief demanded in the action. It states further "but the summons shall not be considered void or erroneous on account of an insufficient statement of the relief demanded, unless the same is manifestly misleading." It also provides that a copy of the complaint may be served with the summons and that the summons require the defendant to appear and answer the complaint.

Section 41, Rev. Code, reads:

"This act shall be liberally construed, and no service of summons shall be set aside or quashed for any technical error, defect or omission, either in the summons or in the service of the summons which error, defect or omission does not affect some substantial right of the defendant or defendants therewith served."

In *Burkhardt v. Haycox*, 19 Colo. 339, 35 Pac. 730, in commenting upon this section, at page 341, this court said:

"Mere dilatory motions based upon special appearances are not favored under the present practice. It is the policy of the code that all its provisions shall be liberally construed with the view to assist parties in obtaining justice, and that errors and defects in pleadings or proceedings not affecting the substantial rights of the parties shall be disregarded by the courts on appeal or error as well as at *nisi prius*."

At page 342, it was said:

"The summons in the present case does not state in so many words the sum of money or other relief demanded; but it states that the action is brought to 'recover damages for the wrongful taking and conversion by the defendants of certain goods and chattels  *  *  *  owned by plaintiff,' describing the same as set forth in the complaint, and stating that if defendants fail to appear and answer, judgment by default will be taken against them according to the prayer of the complaint. The complaint states the value of the property alleged to have been converted by defendants, and the sum of money demanded in consequence thereof.

The summons in this case cannot be considered *manifestly misleading* in respect to the statement of the relief demanded. The statement was correct as far as it went; besides, it pointed directly to the complaint where the relief was demanded fully stated. The want of a more definite statement in the summons did not, therefore, render the summons *void* or *erroneous;* the statement was not *misleading.*"

These principles are applicable here and the plaintiff in error has less ground to complain, for the reason that a copy of the complaint was served upon it with the summons, which was not done in the earlier case, and the declaration that the statement in the summons is correct as far as it went, but of itself did not state all the relief demanded, is applicable here; but in addition a copy of the complaint, which was served with the summons, did thus state, and the summons required as provided by the Code that the defendant appear and answer the complaint, not the summons, so that when thus construed together it is inconceivable that the defendant could have been misled, and it certainly did not affect any substantial right to which it was entitled. Its motion discloses that it was not misled

and was fully advised of what the plaintiff claimed and what it was required to answer. Other cases which sustain this conclusion are: *Higley v. Pollock,* 21 Nev. 198, 27 Pac. 895; *Clark v. Palmer,* 90 Calif. 504, 27 Pac. 375; *Prezeau v. Spooner,* 22 Nev. 88, 35 Pac. 514. See also cases cited in 27 Cyc. 1585.

Being of opinion that the motion was properly overruled and the service sufficient as it stood, it is unnecessary to consider the plaintiff in error's contention pertaining to the notice served upon it and its counsel concerning the amendment of the summons after its default was entered, etc., but if such an amendment had been necessary at all there is ample authority to sustain the right to have a summons thus amended upon notice after service. 32 Cyc. 543; *Thompson v. Turner,* 22 Ill. 389; *Wilday v. Wight,* 71 Ill. 374; *Jones v. Cox,* 7 Mo. 173; *Kavanaugh v. Brown,* 1 Texas 481; *Cummings v. Rice,* 9 Texas 527; *Dikes v. Monroe,* 15 Texas 236.

The judgment is affirmed.

*Affirmed.*

Gabbert, C. J., and Teller, J., concur.