## Boynton *vs.* Fly.

One summoned as trustee in a process of foreign attachment, is *"a defendant"* within the meaning of *stat.* of 1827, *ch.* 359, which provides that where there are two or more defendants living in different counties, a Justice suit may be maintained against them all in the county in which either defendant lives.

A judgment of a Justice of the Peace, against one summoned as trustee under process of foreign attachment, in a case within his jurisdiction, though erroneous, cannot be avoided collaterally, but may be enforced until reversed on writ of error.

Assumpsit on two notes of hand payable in specific articles; the recovery of which, was resisted by the defendant on the ground that he had been compelled to pay the amount on a judgment recovered against him by a creditor of the plaintiff in a process of foreign attachment.

It appeared that *Boynton* and his creditor resided in *Cumberland* county, and *Fly* in *Oxford*. The trustee writ was issued by a Justice of the Peace in *Oxford*, and was addressed to the sheriffs of the counties of *Oxford* and *Cumberland*, and was by them served. Judgment was rendered against *Boynton* upon default, and against *Fly* upon his disclosure, which was satisfied by a sale of the specific articles named in the notes declared on in this action, the same having been delivered to the officer by *Fly* upon demand.

The introduction of this judgment and the proceedings under it, were objected to by the plaintiff's counsel, but was admitted by *Whitman C. J.* in the Common Pleas. A verdict being returned for the defendant, the plaintiff tendered a bill of exceptions to the foregoing ruling and thereupon brought the case to this Court.

*Morgan,* for the plaintiff, insisted that a Justice of the Peace had no jurisdiction in trustee suits, except where the debtor and trustee both reside in the same county, and that, consequently the

proceedings before the Justice in this case were all void. He cited the statutes of 1824, *ch.* 275, § 1; 1825, *ch.* 285, § 1; 1821, *ch.* 76, § 8; 1821, *ch.* 61, § 1, and commented particularly upon their provisions in support of the position taken.

*Deblois*, for the defendant, cited *Foster* v. *Jones*, 15 *Mass.* 185; *Howell* v. *Freeman & trustee*, 3 *Mass.* 121; *Commonwealth* v. *Pejepscot Proprs.*, 7 *Mass.* 399; *Com. Dig. Ev. a.* 5; *Dow* v. *Warren*, 6 *Mass.* 328; *Loring* v. *Bridge*, 9 *Mass.* 124; *Horner* v. *Fish & al.* 1 *Pick.* 435. He also commented upon the several statutes cited on the other side.

WESTON C. J. — By chapter 76 of the revised statutes, § 8, it is provided, that all civil actions, wherein the debt or damage does not exceed twenty dollars, and wherein the title of real estate is not in question, and specially pleaded by the defendant, shall and may be heard, tried, adjudged and determined, by any Justice of the Peace within his county. General jurisdiction to this extent having been thus given, the same section prescribes what process the justice shall issue, where it may be served, and how long before the time appointed for trial. The process is to be by summons, capias or attachment. The forms of these writs are prescribed in another statute. The service is to be made at least seven days before trial. Suppose the writ varies substantially from the form provided; or suppose it be served five days, instead of seven, before trial, yet if the justice renders judgment thereon, having jurisdiction, it will be a subsisting judgment, which may be enforced until reversed; which it may be by a writ of error. So if the writ is directed to an officer in another county, and is by him served, although not warranted by law, and the judgment rendered thereon may be reversable upon error, yet it remains in force, until so reversed. By law all personal or transitory actions, are to be brought in the county, where one of the parties lives, if both plaintiff and defendant are inhabitants of this State; and if otherwise brought, the writ shall abate, and the defendant be allowed double costs. There is no want of jurisdiction in the court; but it is matter of positive regulation. In the case before us the justice, having jurisdiction, the judgment, even if erroneous, remains in force, until reversed.

By the statute of 1824, *ch.* 275, a justice was authorized to issue a process of foreign attachment, when the amount demanded is not less than five, nor more than twenty dollars, provided the plaintiff and the supposed trustee live in the same county, where the justice has jurisdiction. By a subsequent statute of 1825, *ch.* 288, so much of the former as requires the plaintiff and supposed trustee both to reside in the county, where the justice has jurisdiction, is repealed. The trustee lived in that county, and was duly summoned. The power of a justice in all actions of assumpsit, is still further extended by the statute of 1827, *ch.* 359, where two or more defendants live in different counties, in which case the action may be brought in either county, and the process of the justice is to run into every county, where a defendant lives. Although the original debtor, in the judgment under consideration, was the principal defendant, yet the trustee was also a defendant, and called upon to answer averments, upon which he was finally charged. Here then is a case, within the provisions of the last statute, and justified under it. But it is enough for the defendant, that he is protected by a subsisting judgment, in a case of foreign attachment, within the jurisdiction of a justice, which is unreversed and in full force.

*Judgment affirmed.*