## JESSE E. MORSE v. FRIEND CARPENTER.

[FILED JANUARY 20, 1891.]

**Summons:** SERVICE BY SPECIAL CONSTABLE.  Sec. 1094 of the Code authorizes a justice of the peace in certain cases to deputize a person to serve a summons.  In making the appointment it is not necessary to state therein that the justice was requested to make it, nor that it was expedient to do so, as these facts will be presumed from the appointment itself.  All that the statute requires is that the writ itself show the deputation, and this may be done by addressing the writ to a particular person. (*Haskins v. Citizens Bank*, 12 Neb., 41.)

ERROR to the district court for Perkins county.  Tried below before CHURCH, J.

*A. F. Parsons*, and *W. H. Purdy*, for plaintiff in error, cited: *Repine v. McPherson*, 2 Kan., 340; *Dutton v. Hobson*, 7 Id., 96; *Barry v. Hovey*, 30 O. St., 348; *Newlove v. Woodward*, 9 Neb., 504; *McMillan v. Rowe*, 15 Id., 523; *Haskins v. Bank*, 12 Id., 39.

*Saunders & Prime*, and *Stewart & Rose*, contra, cited: *Haskins v. Bank*, 12 Neb., 41; *Degering v. Flick*, 14 Id., 449: *Rawalt v. Brewer*, 16 Id., 446.

MAXWELL, J.

This action was brought before a justice of the peace to recover the sum of $107.50, claimed to be due from the plaintiff in error to the defendant in error.  A summons was duly issued as follows:

"The state of Nebraska, Perkins county, to John D. Dayton, special constable of said county:

"You are hereby commanded to summon Jesse E. Morse to appear before me, Burtin E. Lee, a justice of the peace, at my office in Madrid, Perkins county, on the 15th

day of April, 1889, at 1 o'clock in the afternoon of said day, to answer the action of Friend Carpenter, wherein he has sued you for money due him for work and labor done, to the amount of $107.50.    You will make due return of this writ on the 11th day of April, 1889.

"Witness my hand, this 10th day of April, 1889.

"BURTIN E. LEE,
"*Justice of the Peace.*"

The transcript of the justice is as follows:

"Issued summons April 10, 1889, to appear April 15, 1889, at 1 o'clock in the afternoon.    I appointed Jóhn. D. Dayton as special constable to serve summons and delivered the same to him.    Summons returned with the following indorsements:

"'Received this writ April 10, 1889.    As commanded by this writ, I, on the 10th day of April, 1889, summoned the within-named Jesse E. Morse by delivering to him, said defendant, a certified copy of this summons and of the indorsements thereon.

"'Service and return ...$0.50

"'Copy ..................... .25

"'Mileage, 24 miles..... 1.20

"'Dated this 10th day of April, 1889.

"'JOHN D. DAYTON,
"'*Special Constable.*

"'Subscribed in my presence and sworn to before me, this 10th day of April, 1889.

"'BURTIN E. LEE,
"'*Justice of the Peace.*

"'BILL OF PARTICULARS.

"'The plaintiff says that on the 6th day of February, 1889, he commenced work for the defendant at his request as well borer, and continued in his employment for the period of 21½ days, for which the defendant agreed to

pay him the sum of $5 per day. No part thereof has been paid, and there is due the plaintiff for said services the sum of $107.50, with interest from the 9th day of March, 1889. D. B. BRIERLY,

"'Att'y for Plaintiff.

"'Bill of particulars filed April 15, 1889, at 1 o'clock P. M., Burtin E. Lee, Justice Peace.'

"April 15, 1889, 1 o'clock P. M., parties appeared and case called within the hour. Defendant filed motion to set aside the summons.

"'MOTION.

"'Jesse E. Morse makes special appearance for himself and by his attorney, and objects to the jurisdiction of the court for want of service, and state that John D. Dayton, whose name appears upon the summons as special constable in the case of *Friend Carpenter v. Jesse E. Morse* was not duly authorized and deputed to serve said summons according to and in compliance of sec. No. 1094 of the Code of Civil Procedure, Compiled Statutes of the State of Nebraska, and moves the court to set aside the summons.

"'JESSE E. MORSE,

"'By W. H. BRIERLY,

"'His Att'y.'

"Which motion the court overruled, to which the defendant excepted and immediately left the court room."

The justice rendered judgment in favor of the defendant in error and against the plaintiff in error. The case was then taken on error to the district court, where the judgment of the justice was affirmed.

The sole question presented is the sufficiency of the appointment of the constable who served the summons.

Section 1094 of the Code provides that "A justice, at the request of a party, and on being satisfied that it is expedient, may specially depute any discreet person of suitable age, and not interested in the action, to serve a sum-

mons or execution with or without an order to arrest the defendants or to attach property. Such deputation must be in writing on the process."

This section was under consideration in *Haskins v. Citizens Bank*, 12 Neb., 41. In that case, on the face of the summons served upon the defendant, we find this direction to the person who served it, viz. : "The state of Nebraska to Job Hathaway, of said county, specially deputized to serve these papers, greeting : You are hereby commanded to summon D. W. Haskins to appear before me," etc. LAKE, J., speaking for the court, says: " It is true that this deputation is rather informal, but it is quite sufficient to show that the person named was selected by the justice to make the service, and is a substantial compliance with the statute in this particular. The appointment does not show that the justice was requested to make it, nor that he was satisfied that it was expedient to do so, but these facts will be presumed from the appointment being made. The statute does not require these precedent conditions to the deputation to be certified by the justice, nor entered upon the writ, but only the deputation itself."

The case cited, in our view, states the law correctly. The particular mode in which a person shall be deputed in writing to serve the summons is not provided in the section above referred to. Section 910, however, requires a summons to be directed to the constable or sheriff of the proper county, except in case a person be deputed to serve it, in which case it shall be directed to such person. The justice in this case did direct the summons to the person named, who served the same on the defendant below, plaintiff in error. The appointment is informal but is sufficient. The defendant below was apprised of the time and place of trial and appeared and sought to enter into collateral inquiry as to the appointment of the person who served the summons; in other words, he said to the justice: " Your appointment of the constable is not as full as it should be,

and therefore, although properly summoned, we will make no defense in the case." It is not the policy of the law to encourage the practice of relying upon trivial or technical errors, but as far as possible to encourage the trial of cases upon the merits. The defendant below had a fair opportunity to make his defense, if he had any, and his objection is unavailing. The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.