# NORTH PACIFIC CYCLE CO. *v.* THOMAS.

[S. C. 38 Pac. Rep. 307.]

1. JUDGMENT — COLLATERAL ATTACK — JURISDICTION.— If the object of the pleader can be ascertained from the complaint, and the court has jurisdiction of the subject matter, and of the parties, a judgment rendered thereon cannot be collaterally attacked, although the complaint was in fact bad in substance: *Berry* v. *King*, 15 Or. 165, approved and followed.

2. SERVICE OF SUMMONS — JURISDICTION — COLLATERAL ATTACK.— The object of a summons is to advise the defendant that an action has been commenced against him, and warn him that he must appear within a time and at a place named and make such defense as he has, and in default of his so doing, that judgment against him will be taken in the sum designated. If the summons actually issued accomplishes these purposes, it is held sufficient to confer jurisdiction, although there may have been some irregularity in the form of the process, or in the manner of its service, and a judgment based on such a summons will be good as against a collateral attack.

3. SERVICE OF SUMMONS BY SPECIAL OFFICER — CODE, ₰ 2173.— Under Hill's Code, ₰ 2173, providing for the appointment of persons to serve processes in justice's courts whenever they would otherwise not be served for want of an officer, an indorsement on the summons reciting that, "the constable of said district being unable to act herein, and it appearing that the within process will not be served for want of an officer, I hereby appoint W. to make service," and signed by the justice is a sufficient authority for the special officer to serve the process.

APPEAL from Multnomah: HARTWELL HURLEY, Judge.

This is an action by the North Pacific Cycle Company to recover possession of a bicycle seized by the defendant Al Thomas, as constable, under an execution issued on a judgment in favor of one Candrian, and against the plaintiff. The only question in the case is as to the validity of the judgment on which the execution in question was issued. It appears from the record that on August second, eighteen hundred and ninety-three, Candrian commenced an action in a justice's court against the cycle

company by filing a complaint, in which it was averred, in substance, that on November second, eighteen hundred and ninety-two, he entered into a contract with it, whereby he agreed to insert in a city map of which he was the publisher an advertisement for said company, for which it agreed to pay him thirty dollars in trade; and that, although he had duly complied with the contract on his part, it had refused to give him the thirty dollars' worth of goods in trade, to his damage in the sum of fifty dollars. A summons was thereupon duly issued, in form as provided in the appendix to the justice's code as compiled by Deady and Lane (General Laws, 1872, p. 481), requiring the company to appear and answer on the ninth day of August, eighteen hundred and ninety-three, and notifying it that in case of default judgment would be taken against it for the sum of fifty dollars. This summons, together with a copy of the complaint, was served on the general manager of the company on the second day of August, eighteen hundred and ninety-three, by one H. C. Wood, who was specially appointed by the justice for that purpose. The company failed and neglected to appear and answer as required by such summons, and a judgment was entered against it as prayed for in the complaint. It now claims, as plaintiff herein, that this judgment is void, because (1) the complaint upon which it is based did not state a cause of action; (2) the summons issued thereon is not in the form prescribed by the act of eighteen hundred and ninety-three (Laws, 1893, p. 38); and (3) there is no sufficient record of the appointment of H. C. Wood to serve the summons. The lower court gave judgment for defendant and plaintiff appeals.

AFFIRMED.

*Mr. Robert C. Wright,* for Appellant.

*Messrs. Theodore J. Geisler,* and *Geo. W. Hazen,* for Respondent.

Opinion by MR. CHIEF JUSTICE BEAN.

1. The complaint as filed in the justice's court may have been subject to a demurrer, but it does not follow that a judgment entered thereon is void. If the object of the plaintiff can be ascertained from the allegations of his complaint, and the court has power to grant the relief demanded, and jurisdiction of the parties, the judgment is not vulnerable to a collateral attack, although the complaint may in fact be bad in substance: Van Fleet on Collateral Attack, § 256; *Berry* v. *King,* 15 Or. 165, 13 Pac. 772.

2. If it be conceded that the summons was defective, because not in the form prescribed in the act of eighteen hundred and ninety-three, it was, nevertheless, issued and signed by the proper officer, and contained information sufficient to warn the company that a judicial proceeding was pending against it in a particular court, and that if it did not appear therein on a certain day and answer the complaint, a copy of which was served with the summons, judgment would be taken against it for a certain sum of money; and we are therefore of the opinion that the judgment given for want of such appearance cannot be questioned in a collateral proceeding. There is an important difference between a want of jurisdiction and a mere defect in obtaining it. In the former case the judgment is absolutely void, and may be impeached whenever it is sought to be used as a valid judgment; but in the latter case it is simply erroneous and voidable, and can be attacked only in some direct proceeding authorized by law. When there is some irregularity in the form of the process, or in the manner of its service, the party served can take advantage thereof by some appropriate proceedings in the court where the action is pending, and by neglecting to do so he waives the irregularity and cannot attack the

judgment in a collateral proceeding.    "The objects to be accomplished by process," says Mr. Freeman, "are to advise the defendant that an action or proceeding has been commenced against him by plaintiff, and warn him that he must appear within a time and at a place named, and make such defense as he has, and, in default of his so doing, that judgment against him will be applied for or taken in a sum designated, or for relief specified.    If the summons actually issued accomplishes these purposes, it should be held sufficient to confer jurisdiction, though it may be irregular in not containing other statements required by the statute.    If, on the other hand, it is wanting in these essential particulars, it will generally fail to give the court jurisdiction": Freeman on Judgments, § 126.    Judge Van Fleet, in his recent very excellent work on Collateral Attack, in discussing this question, says: "It being impossible to avoid errors, and the law having prescribed a method of correction by motion to quash or set aside the process, it would seem, on principle, that, where the process is sufficient to inform the person that a proceeding has been instituted against him in a specified judicial tribunal, that method ought to be exclusive.    This is the rule, I believe, to be established by the authorities considered in section 329, *supra*": Van Fleet on Collateral Attack, § 347. Now, the summons and complaint as actually served upon the company advised it that Candrian had commenced an action against it for a certain sum of money as damages for breach of a certain contract, and contained a warning that defendant must appear at a time and place specified and make such defense as it had, in default of which judgment would be taken against it in the sum designated, and, within the rule stated, were sufficient to sustain the judgment against a collateral attack: *Keybers* v. *McComber*, 67 Cal. 395, 7 Pac. 838; *Boynton* v. *Fly*, 12 Me. 17; *Isaacs* v. *Price*, 2 Dillon, 347, Fed. Cas. No. 7097.

3.    Some of the authorities cited under the previous head would seem to indicate that if Wood, who served the summons in the action in the justice's court, was incompetent to make a valid service, such fact could only be taken advantage of by some direct proceedings.   However this may be, his appointment was made by an indorsement on the summons in the manner provided in section 2173 of Hill's Code, and was signed by the justice, and recited that "the constable of said district being unable to act herein, and it appearing that the within process will not be served for want of an officer, I hereby appoint H. C. Wood to make service of the within summons."   This, we think, was, under the statute, a sufficient appointment, and authorized Wood to serve the process: *Morse* v. *Carpenter*, 31 Neb. 224, 47 N. W. 853.   Having reached the conclusion that the judgment of the justice's court cannot be declared void in collateral proceeding, the judgment from which this appeal was taken must be affirmed.

AFFIRMED.

---

[Decided December 3, 1894; rehearing denied.]