Argued 21 January; decided 1 April, 1901.

## GUARANTY LOAN ASSOCIATION *v*. OSBURN.

[64 Pac. 383.]

JUSTICES OF THE PEACE — DOCKET ENTRY OF DEFAULT.

Under Hill's Ann. Laws, § 2055, subd. 4, requiring a justice of the peace to enter in his docket "the time when the parties appear, or their failure to do so," the docket must show the facts, not conclusions; thus, an entry made several days after the return day named in the summons, stating that the defendant had been regularly served and had "failed to answer the complaint as required by law," is not sufficient to support a judgment, as against a direct attack, because it does not necessarily show that the defendant did not appear at the proper time and place as required.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Action by A. M. Osburn against the Guaranty Savings &
Loan Association. Judgment for plaintiff in justice's court.
Defendant sued out writ of review to set aside said judgment
for insufficient service of summons. From the judgment
rendered, the Association appeals. REVERSED.

For appellant there was a brief over the names of *Guy G.
Willis* and *Fred L. Keenan,* with an oral argument by *Mr.
Willis.*

For respondent there was a brief over the names of *Wm.
Reid, Dell Stuart* and *J. Wesley Bell,* with an oral argu-
ment by *Mr. Stuart.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

On June 23, 1898, the defendant, Osburn, commenced an
action against the plaintiff corporation in the Justice's Court
for East Portland District to recover the statutory penalty
(Hill's Ann. Laws, § 3034), for a failure to release or dis-
charge a mortgage, and for $150 special damages. The sum-
mons required the defendant to appear on the thirtieth of
June, at 9 o'clock in the forenoon, at the office of the justice,
to answer the complaint. It was issued, returned, and filed
on the twenty-third, with an indorsement of service thereon;
but no subsequent entry was made in the justice's docket, or
action taken in the case, so far as the record shows, until
July 6, when the following entry was made: "Comes now
the plaintiff, by his attorney, Wm. Reid, and moves the
court for a judgment by default; and, it appearing to the
court that the defendant has been regularly served with
summons and complaint, and the defendant has failed to
answer the complaint as required by law, it is considered
that the plaintiff recover of the defendant the sum of two
hundred and four dollars, and his disbursements, taxed at
three dollars, and that execution issue therefor." On August

13, 1898, the plaintiff sued out a writ of review to set aside and annul such judgment, on the ground that the return of service indorsed on the summons was insufficient to give the court jurisdiction, and that it does not appear from the entries in the justice's docket that it was in default. The court below remitted the special damages, but affirmed the judgment as to the statutory penalty, and the plaintiff appeals.

The sufficiency of the return need not be determined, as the other defect is fatal to the judgment. It was rendered some seven or eight days after the return day of the summons, and yet there is nothing in the record to show that plaintiff failed to appear on the return day, or was in default. So far as the record discloses, it may have appeared at the time and place specified in the summons to defend the action, and neither the plaintiff in the action nor the justice have been present. If so, clearly a judgment for want of an answer could not be rendered against it a week or ten days later. The justice is required by the statute to enter in his docket the failure of a party to appear : Hill's Ann. Laws, § 2055, subd. 4. And there must be a substantial compliance . with the requirement, to authorize the entry of a judgment by default which will not be subject to a direct attack : 6 Enc. Pl. & Prac. 54. Where the record of a justice of the peace shows that the court convened at the time and place specified in the summons, and after waiting the statutory time a judgment was rendered against a defendant for want of an answer, it will perhaps be sufficient, although no formal default was entered, as the record actually made is practically equivalent thereto : *Hardy* v. *Miller,* 11 Neb. 395 (9 N. W. 475). But, when the judgment is rendered some days later, the mere recital that it was entered for want of an answer is insufficient, because it is not inconsistent with an appearance of the defendant at the time and place specified in the summons. Nor will the statement that it was entered for want of an answer "as required by law" cure the

defect, since that is but a conclusion, and does not necessarily show that the defendant did not appear at the proper time and place in obedience to the requirements of the summons. The judgment of the court below is therefore reversed, and the cause will be remanded, with directions to remand it to the justice's court for such further proceedings as may be proper, not inconsistent with this opinion.     REVERSED.