Decided 15 July, 1901.

## PERRY *v.* GHOLSON.

[ 65 Pac. 601.]

JUSTICE'S COURT—EVIDENCE OF ISSUANCE OF SUMMONS.

1. In the absence of the original summons from the files in a justice's court, the docket entry which Hill's Ann. Laws, § 2055, subd. 3, requires the justice to make at the time he issues the summons is sufficient proof of its date; the original with the officer's return thereon is not absolutely necessary.

FORM AND SUFFICIENCY OF SUMMONS—COLLATERAL ATTACK.

2. A summons may be defective in form, and yet a judgment based thereon may not be open to collateral attack, it will depend on whether the summons stated that a proceeding was pending against defendant in a certain court, and notified him to be there at a certain time and present any defense he might have, and that if he did not do so judgment would be entered against him :* *North Pac. Cycle Co.* v. *Thomas*, 26 Or. 381, applied.

From Umatilla : STEPHEN A. LOWELL, Judge.

Action by J. P. Perry against William Gholson. From a judgment in favor of plaintiff, defendant appeals.

                                            REVERSED.

For appellant there was a brief and an oral argument by *Mr. Thomas A. Hailey.*

---

* REPORTER'S NOTE.—The summons used in this case followed the form prescribed by the law of 1893, viz.:

*To the Constable of —— Precinct, in —— County, State of Oregon—*

In the name of the State of Oregon, we command you to summon —— —— to appear before the undersigned, a justice of the peace in —— precinct, in said county and state, on the —— day of ——, 18—, at the hour of —— o'clock in the ——noon of said day at —— in the said precinct, to answer the complaint of —— founded on an instrument of writing (or note, or account, or for trespass, or injury to property, or any similar statement, as the case may be), and wherein he demands —— dollars, for which sum judgment will be rendered against you if you fail so to appear and answer said complaint.

Given under my hand this —— day of ——, 18—.        —— ——, Justice.

For respondent there was a brief and an oral argument
by *Mr. L. B. Reeder.*

MR CHIEF JUSTICE BEAN delivered the opinion.

This is an action to recover possession of personal prop-
erty. The defendant, who was acting as a constable, jus-
tifies the seizure and detention thereof under a writ of
attachment issued out of a justice's court. The plain-
tiff denies that the writ relied on was duly or regularly
issued. At the trial, after plaintiff had rested, defend-
ant, to prove the allegations of his answer, offered in
evidence certified copies of the docket entries and papers
in the action in which the writ was issued; but the trial
court refused to admit them in evidence, because it did
not sufficiently appear that a summons had been issued
at the time of the issuance of the writ. The following
entries appear in the justice's docket, prior to the entry
showing the filing of the affidavit and undertaking for
the writ of attachment and the issuance thereof: "Sum-
mons issued September 19, 1899. Case set for hearing
on the twenty-eighth day of September, 1899, at the
hour of 1 o'clock in the afternoon." The docket also
shows that at the time set for the hearing the defendant
in the action appeared specially by his counsel and moved
to quash the summons and service thereof, basing such
motion upon his affidavit, to which was annexed a copy
of a summons in form as required by the act of 1893
(Laws, 1893, p. 39), dated September 19, 1899, and which
he avers was the only paper served upon him purport-
ing to be a summons. No return was ever made upon
the original summons, and it therefore does not appear
among the files of the justice's court. The argument is
that, to support a writ of attachment issued out of a
justice's court, it must appear from the record not only
that an entry was made by the justice in his docket that

a summons had been issued, but that it was such a summons as the law requires, and was delivered to the officer for service prior to the issuance of the writ of attachment, and that the original summons and the indorsement thereon are necessary proof of such facts.

1.  A plaintiff in a civil action in a justice's court is entitled to the benefit of the provisional remedy of attachment, as in like cases in courts of record (Hill's Ann. Laws, § 2064); and it has been conceded in the argument that a writ of attachment can not issue from such court until the summons has been issued, so that the only question for decision is the character of proof required of the issuance of the summons.  In the circuit court a summons is prepared and signed by the plaintiff or his attorney, and is not deemed issued until it is placed in the hands of the officer, with the intention that it be served upon the defendant, and the only legal evidence of the delivery to the officer is the indorsement which the law requires him to make thereon :  Hill's Ann. Laws, § 52 ;  *White* v. *Johnson,* 27 Or. 282 (40 Pac. 511, 50 Am. St. Rep. 726, and note) ;  but in a justice's court the summons is signed and issued by the justice (Laws, 1893, p. 39 ;  Laws, 1899, p. 109), who is required by the statute to make an entry in his docket of the date of the issuance thereof (Hill's Ann. Laws, § 2055).  The legal evidence of the fact of the issuance of the summons is thus provided, and, in our opinion, the docket entry is sufficient proof of that fact to support a writ of attachment.  Until the summons is returned, it is no part of the record, and in its absence the entry in the justice's docket is the only evidence of its issuance.  The presumption is that the justice did his duty and made a correct entry in his docket, and we do not think the actual return of the summons is necessary to the validity of the attachment.  In cases

arising in the circuit and county courts there is no means
provided by which the date of the issuance of a summons
can be determined, except by the indorsement of the officer
thereon, but in cases arising in a justice's court there is
no law requiring the officer to indorse on the summons
the date of its delivery to him.    The date of its issuance
is determined by the time it was actually issued by the
justice, and the proof thereof is the entry made by him
in his docket.

2.    It is also argued that the summons was void be-
cause in the form required by the act of 1893, and not
the act of 1899, under which the action was brought.
But this was a defect in the form only, and a judgment
based thereon would not have been open to collateral
attack : *North Pac. Cycle Co.* v. *Thomas,* 26 Or. 381 (38
Pac. 307, 46 Am. St. Rep. 636, and note); Van Fleet,
Collat. Attack, 351.    The judgment is therefore reversed,
and a new trial ordered.                        REVERSED.

Decided 15 July, 1901.