### STANLEY *v.* RACHOFSKY.

93 Pac. 354.

JUSTICES OF THE PEACE—SUMMONS—CONTENTS.

1. Laws 1905, p. 315, provides that a justice's summons shall require the defendant to appear and answer within seven days from the date of service, or suffer judgment for the sum specified in the complaint with the disbursements of the action, and Section 2208, B. & C. Comp., provides that such summons shall be served by delivering a copy thereof, together with a certified copy of the complaint, etc. *Held*, that where a summons properly issued and signed contained sufficient information to warn defendant that a judicial proceeding was pending against him in a particular court, and that if he did not appear and answer, a judgment would be taken against him for a specified sum, it was not fatally defective for failure to state the rate of interest demanded and the date from which it was to be computed, such facts appearing from a copy of the complaint served with the summons.

SAME—IRREGULARITY IN PROCESS—SERVICE—REMEDY.

2. An irregularity in the process or in the manner of its service by which a justice's jurisdiction was acquired must be taken advantage of by some motion or proceeding in the court where the action is pending.

SAME—COPY OF SUMMONS—CERTIFICATION.

3. Where a return of service of a justice's summons certified that a copy was served, such return was sufficient proof that the instrument served was a copy under Section 2208, B. & C. Comp., requiring only that a copy of the summons be served, and not requiring that it be certified by any one to be a copy.

SAME—TIME TO ANSWER.

4. Under Laws, 1905, p. 315, providing that a defendant in a justice's court shall be required to answer within seven days from the date of the service, he may answer on any one of those dates.

SAME—APPEARANCE—DOCKET ENTRY.

5. Laws 1905, p. 315, requires defendant in a justice's court to answer within seven days from the date of service, and Section 2211, B. & C. Comp., provides that his plea or answer must be in writing and be filed with the justice. *Held*, that where a defendant in a justice's court could not have been in default until the date on which judgment was rendered, and was in default on the beginning of that day, and the judgment recited that defendant had failed to answer the complaint as required by law, such recital being in the form set forth on page 786, B. & C. Comp., was sufficient to sustain the judgment without a docket entry of defendant's failure to appear.

From Grant: GEORGE E. DAVIS, Judge.

Statement by MR. COMMISSIONER SLATER.

On February 12, 1907, Rachofsky & Son filed, in the justice's court for the Third Justice's District of Grant County, a complaint embracing two causes of action against plaintiff. On the first cause of action judgment was demanded for $29.60, with interest at 6 per cent per annum from October 7, 1903, and on the second cause of action for the sum of $20, with interest at the rate of 6 per cent from July 15, 1903, and for their costs and disbursements. The summons was issued on February 12, and required the defendant in the action to appear and answer the complaint within 7 days from the date of the service thereof, or suffer judgment to be taken against him for the sum of $49.60, with interest thereon, with the disbursements of the action. It was returned and filed with the justice on the 21st, with an indorsement thereon showing personal service on February 13, in Grant County, Oregon, on defendant, by a delivery to him of a copy thereof prepared and certified by the deputy sheriff, together with a copy of the complaint certified to be such by plaintiff's attorney. After the issuance of the summons, no entry was made by the justice in his docket that in any way referred to the date of the making or filing of any pleading by the defendant, or of his appearance or failure to appear in the action until the 21st, when the following entry was made: "Plaintiff appeared, and it appearing that the defendant has failed to answer the complaint as required by law,

it is considered that the plaintiff recover off the defendant the sum of $59.89, and the disbursements of the action, taxed at $13.90." On March 4, 1907, plaintiff herein sued out a writ of review to set aside and annul such judgment on the ground (1) that no summons was issued as required by law; (2) that there was no service upon the petitioner of the pretended summons; (3) that the justice did not enter in his docket the failure of the defendant to appear; (4) that it does not appear from the judgment as entered in the justice's docket that the defendant therein was ever served with a summons in said action, or that he was served more than seven days prior to the rendition of the judgment; and (5) that the amount for which it was entered does not conform it to the amount specified in the summons, for which judgment would be taken in default of an answer. The lower court set aside the judgment, and Rachofsky & Son appeal.        REVERSED.

For appellant there was a brief with oral argument by *Mr. A. M. F. Kirchheiner.*

For respondent there was a brief with oral arguments by *Mr. Errett Hicks* and *Mr. J. E. Marks.*

Opinion by MR. COMMISSIONER SLATER.

1. The only deficiency in the summons urged as a reason for overturning the judgment is that, although there is given the amount of the principal of the debt for which judgment is demanded, it fails to state the rate of interest demanded, and the date or dates from which it was to be computed. At the time of the commencement of the action, the law governing trials and proceedings in civil actions in justices' courts provided that the summons "shall require the defendant to appear and answer the complaint within seven days from the date of the service thereof upon him or suffer judgment to be taken against him for the sum specified in the complaint, with the disbursements of the action" (Laws 1905, p. 315), and that it shall be served by delivering a copy thereof, together with a certified copy of the complaint, etc.: Section 2203, B. & C. Comp. While

it is advisable in the issuance of the summons that the statute should be literally complied with, nothing short of a substantial departure therefrom can properly be held to be fatal to a proceeding under it, and the recent decisions are to the effect that a substantial compliance with statutes of this character is all that is required: *Higley* v. *Pollock,* 21 Nev. 198 (27 Pac. 895); *Bewick* v. *Muir,* 83 Cal. 368 (23 Pac. 389); *Clark* v. *Palmer,* 90 Cal. 504 (27 Pac. 375); *Bucklin* v. *Strickler,* 32 Neb. 602 (49 N. W. 371); *McPherson* v. *First Nat. Bank,* 12 Neb. 202 (10 N. W. 707); *Keybers* v. *McComber,* 67 Cal. 395 (7 Pac. 838).; *Shinn* v. *Cummins,* 65 Cal. 97 (3 Pac. 133); *White* v. *Iltis,* 24 Minn. 43; *Kimball* v. *Castagnio,* 8 Colo. 525 (9 Pac. 488); *Warren* v. *Gordon,* 10 Wis. 499; *Behlow* v. *Shorb,* 91 Cal. 141 (27 Pac. 546). Doubtless the summons was slightly irregular or defective in the respect mentioned. but it was nevertheless issued and signed by the proper officer, and contained information sufficient to warn the defendant that a judicial proceeding was pending against him in a particular court, and that if he did not appear therein and answer the complaint within a specified time, a judgment would be taken against him for a certain sum of money. Upon proper service of such a summons a judgment given for want of an answer would not be void: *North Pacific Cycle Co.* v. *Thomas,* 26 Or. 381 (38 Pac. 307: 46 Am. St. Rep. 636); *Perry* v. *Gholson,* 39 Or. 438 (65 Pac. 601: 87 Am. St. Rep. 685). The deficiency in the summons is no more than an irregularity, and such a one as does not affect a substantial right of the defendant, when, as in this case, a copy of the complaint was served with the summons.

2. The relief demanded in the complaint is full and explicit, and carried notice to the defendant of all the facts of which he says the summons was lacking.

"But if the complaint is served with the summons." says Mr. Justice ALLEN, in *McCoun* v. *Railroad Co.* 50 N. Y. 176, "the defendant has more full and perfect knowledge of the cause of action and the consequences of default than he could get from the summons alone, and if there is an error or defect in the sum-

mons, it carried with it the remedy and correction, and an effectual preventive against error by any one."

Also, if there is any irregularity in the process or in the manner of its service, the defendant must take advantage of such irregularity by some motion or proceeding in the court where the action is pending: 1 Freeman, Judgments (4 ed.), § 126.

3. The second reason assigned in support of the petition is that there was no legal service of the summons on the petitioner, but the return of the officer successfully disproves that averment. It is particularly urged in this connection that, because the copy of the summons delivered to the defendant was certified to by the deputy sheriff instead of the sheriff, it amounted to no service. The statute, however, required only that a copy of the summons be served, and does not require that it shall be certified by any one to be a copy: Section 2203, B. & C. Comp.; *Bank* v. *Richardson*, 34 Or. 518 (54 Pac. 359 : 75 Am. St. Rep. 664). The return shows that a copy was served, and that is sufficient proof that it was a copy.

4. As a further reason for overturning the judgment, it is averred that the justice did not enter in his docket the failure of the defendant to appear as required by Section 2198, subd. 4, B. & C. Comp. Plaintiff relies solely upon the decision of this court in the case of *Loan Ass'n* v. *Osburn*, 38 Or. 568 (64 Pac. 383), to support that contention. It was there held that there must be a substantial compliance with the requirement of that section to authorize the entry of a judgment by default which will not be subject to direct attack. But the state of the law of procedure and practice in justices' courts in civil actions at the time of the commencement of that case is radically different from what it is now. At that time the summons required the defendant to appear at a specified time to answer the complaint, so that he could not appear or answer at any other time, so, also, no formal or written pleadings were required, but they may have been either oral or written (Laws 1893, p. 38), while at the time of the commencement of the present action the defendant is required to answer within seven days from the date of the

service, and he may, therefore, answer on any one of those days: Laws 1905, p. 315.

5. And his plea or answer must be in writing and be filed with the justice: Section 2211, B. & C. Comp. It is also material to note that subdivision 4 of Section 2198, B. & C. Comp., requiring the justice to enter in his docket the time when the parties appeared or their failure to do so, is a part of the original justices' act of 1864, which recognized an oral pleading. Under such practice the personal appearance of a party and the making of an oral plea could not be evidenced in any other manner than by an entry in the docket of that fact. While the absence of such an entry might have been sufficient proof that no appearance was made, yet the legislature saw fit to enact that the failure of a party to appear should also be entered. But it did not provide that a failure to file a written plea should be noted by the justice. It is stated in *Hardy v. Miller,* 11 Neb. 395 (9 N. W. 475), cited in *Loan Ass'n* v. *Osburn,* 38 Or. 568 (64 Pac. 383), that:

"The finding of a court that Hardy and wife made 'default of answer' is one of fact. No judgment can lawfully be rendered by default until the time for filing an answer has elapsed, and the authority of the court to render such judgment follows from the failure of the defendant to answer, and not from the particular manner in which the default entered. The essential fact is the failure to answer."

The deduction made from this case by Mr. Chief Justice BEAN, in the case of *Loan Ass'n* v. *Osburn,* 38 Or. 568 (64 Pac. 383), as applied to the law as it was then, is that "where a record shows that the court convened at the time and place specified in the summons, and after waiting the statutory time a judgment was rendered against a defendant for want of an answer, it will perhaps be sufficient, although no formal default was entered, as the record actually made is practically equivalent thereto." In the case now under review the defendant could not have been in default until February 21, and he was in default at the beginning of that day on which judgment was entered. Prior to the 21st no entry or record of the defend-

ant's failure to appear and answer the complaint could have been made. When the recitals of the judgment embodied in the record show that in fact the defendant was in default, it is sufficient to authorize the action of the court, and the judgment will be sustained on appeal or error: 6 Pl. & Pr. 56. The judgment recites "that the defendant has failed to answer the complaint as required by law." This is a conclusion, it is true, but one that the court is bound to draw from the state of the record, because there is no entry therein of the filing of any pleading by defendant, and that is sufficient in itself to contravene the assumption that one may have been filed. Under the present state of the law, the recital is sufficient to support a default, especially so since the forms of the docket entries used by the justice in this instance are precisely those set forth in page 786, B. & C. Comp., for the guidance of such courts.

The remaining averments of the petition do not appear to have been relied upon, and we think are without merit. The judgment should be reversed and the cause remanded, with directions to dismiss the writ.　　　　　　　　　　REVERSED.

---

Decided 21 January, 1908.