PEOPLE'S BONDED TRUSTEE v. WIGHT, Judge, et al.

No. 4712.   Decided November 13, 1928.   (272 P. 200.)

*Ray Van Cott* and *O. P. Soule,* both of Salt Lake City, for plaintiff.

*Frazer & Wallis,* of Salt Lake City, for defendants.

CHERRY, J.

This is an original proceeding in this court to review an order of the district court of Salt Lake county appointing a receiver for People's Bonded Trustee, a corporation.

On December 3, 1925, George H. Blood was appointed receiver for Guaranteed Securities Company, a corporation, in an action pending in the district court of Salt Lake county, wherein George E. Stoffers and another were plaintiffs, and the Guaranteed Securities Company was defendant.

The plaintiffs sued to recover $1,500, money loaned to the defendant, and alleged as ground for the appointment of a receiver that the defendant was in imminent danger of becoming insolvent, etc. The receiver qualified under his appointment, and ever since has been and still is acting as receiver for the Guaranteed Securities Company, and his appointment as such is not questioned in this proceeding.

On April 4, 1927, the plaintiffs in the action above mentioned obtained an order of the district court making People's Bonded Trustee a party defendant and granting them leave to file a supplemental complaint, the body of which is as follows:

"Come now the plaintiffs above named, and by leave of court first duly had and obtained, and without waiving or abandoning their original complaint in the above entitled cause, wherein Guaranteed Securities Company, a corporation, is the sole defendant, file their supplemental complaint, herein, and complain of defendants and allege:

"1. That on the 3d day of December, 1925, pursuant to the prayer of plaintiffs' original complaint herein, George H. Blood was appointed receiver for the defendant Guaranteed Securities Company, and on said date qualified as such receiver and ever since has been and now is the duly appointed qualified and acting receiver for the said Guaranteed Securities Company.

"2. That prior to the appointment of said receiver, the defendant People's Bonded Trustee was a corporation organized and existing under and by virtue of the laws of the state of Utah, with its sole office and place of business at Salt Lake City, Salt Lake county, Utah; and that said corporation was organized, operated and controlled by the defendant Guaranteed Securities Company and its officers and directors for the sole purpose of holding in trust for said Guaranteed Securities Company and the creditors of said company, such funds, documents and securities as were from time to time transferred to it for said purpose by the said Guaranteed Securities Company.

"3. That prior to the appointment of said receiver, certain mortgages and other securities belonging to the said Guaranteed Securities Company were by said company transferred and assigned to the defendant People's Bonded Trustee to be held in trust as aforesaid, and that shortly after said appointment such mortgages and securities so held by the said defendant People's Bonded Trustee were by it de-

livered to the said receiver and ever since have been and now are in his possession; but that no written assignment was made of any of such mortgages or securities transferring title thereto from the said People's Bonded Trustee to said receiver or said Guaranteed Securities Company.

"4. That the defendant, People's Bonded Trustee, had no assets or property of any kind or nature whatsoever save as it held title to the funds, documents and securities hereinbefore referred to, in trust for the said Guaranteed Securities Company and the creditors of said company.

"5. That upon the appointment of said receiver, the defendant People's Bonded Trustee suspended business and has at no time since said appointment exercised any of its corporate rights or franchises, nor had or maintained any organization for any purpose whatsoever, and that there is no person within the jurisdiction of this court authorized or qualified to act for said corporation in assigning, releasing or transferring title to any of the securities hereinbefore referred to.

"6. That in order to properly administer the estate in his hands as receiver for the defendant Guaranteed Securities Company, and to protect the interests of plaintiff's and other creditors of said comany, it is necessary that the said George H. Blood be appointed receiver of and for the defendant People's Bonded Trustee.

"Wherefore, plaintiffs pray judgment in addition to the relief prayed for in their original complaint herein, that an order be entered appointing the said George H. Blood as receiver of and for the defendant People's Bonded Trustee, with authority to do all things necessary and incidental to the office of such receiver."

To this supplemental complaint an answer of People's Bonded Trustee, signed by Golden W. Robbins as its attorney and verified by L. W. Robbins as a director of the corporation, was immediately filed, admitting "each and every allegation in said suplemental complaint contained." Thereupon and on the same day the court made and entered its order appointing George H. Blood "receiver of and for People's Bonded Trustee, a corporation," etc. The receiver immediately qualified and has since been acting as such.

Three months later, on July 5, 1927, a petition in the name of People's Bonded Trustee, signed by Harold Van Cott as president and Clarence Baird as secretary, and by E. R. Callister, Ray Van Cott, and Clarence Baird as its attorneys, was presented and filed praying that the previous order appointing George H. Blood as receiver for People's Bonded Trustee be vacated and set aside. It was set forth in the petition that under a trust agreement between the Guaranteed Securities Company and the People's Bonded Trustee, $259,394 in securities, mortgages, and cash had been deposited by the former with the latter "as security for certain bonds and contracts issued and sold by said Guaranted Securities Company"; that George H. Blood, as receiver of the Guaranteed Securities Company, on December 3, 1925, unlawfully and wrongfully took into his possession and still holds posession of the said securities, mortgages and money; that the appointment of said George H. Blood as receiver of People's Bonded Trustee on April 4, 1927, was made without service of process or other notice, and that the pretended answer and appearance of People's Bonded Trustee made by Golden W. Robbins as its attorney and L. W. Robbins, one of its directors, was wholly without authority. It was further alleged that the People's Bonded Trustee was solvent and willing and able to perform all of the duties upon it imposed by virtue of the trust agreement. It was therefore prayed that the order appointing a receiver for People's Bonded Trustee to set aside and annulled, and that Blood be required to make an accounting of the securities, mortgages, and money in his hands belonging to People's Bonded Trustee and that he turn over and deliver the same to People's Bonded Trustee.

An answer to the petition was filed by the receiver, in which the matters of substance alleged were denied. The authority of the officers and attorneys presenting the petition to represent or act for People's Bonded Trustee was also denied. There was afterwards filed in the action nu-

merous petitions, motions, and affidavits by the parties already mentioned, as well as by a large number of creditors of the Guaranteed Securities Company, some of whom opposed the receivership in question, and more favored it. A petition in intervention of 144 persons set forth that they were the holders and owners of a majority of the bonds issued by the Guaranteed Securities Company and secured by the mortgages, securities, and money deposited with People's Bonded Trustee; that the trustee had on December 3, 1925, voluntarily delivered to the receiver of the Guaranteed Securities Company all of such mortgages, securities and moneys and had "closed its office, suspended business and failed to maintain any organization for the purpose of transacting business or otherwise"; that the receiver of the Guaranteed Securities Company thereafter proceeded to administer jointly the affairs and assets of both corporations with the acquiescence of the People's Bonded Trustee until April 4, 1927, when the receiver was appointed for People's Bonded Trustee; that it was to the interest and advantage of all creditors that the joint receivership be continued, etc. They prayed that the appointment of Blood as receiver of People's Bonded Trustee be confirmed, and for general relief. The court heard and reheard the controversy, and finally on March 31, 1928, denied the petition of the People's Bonded Trustee, and confirmed the appointment of Blood as its receiver.

The evidence upon which the court made its order is not presented in the record. On March 31, 1928, the People's Bonded Trustee applied to this court for a writ of review, which was issued, and in response to which the record of the proceedings has been certified to this court.

It is contended by counsel for the plaintiff here that the appointment of the receiver of the People's Bonded Trustee is void and should be annulled for the following reasons, as stated in their brief:

"1. A receiver cannot be appointed of a trustee or its funds.

"2. The supplemental complaint does not state facts sufficient to invoke the jurisdiction of the court in making said order.

"3 No bond was given or required as a condition precedent to the order appointing receiver.

"4. That the People's Bonded Trustee has no right of appeal from the order appointing said receiver or refusing to revoke it, and hence the only remedy is by writ of certiorari, or, if it has the right of appeal, such remedy is not speedy or adequate."

The proposition that a receiver may not be appointed for a trustee or its funds cannot be sustained. Plaintiff's counsel have cited numerous cases holding that receivers of insolvent corporations cannot recover funds or property from trustees to whom such has been previously deposited or delivered in trust for the benefit of creditors, etc. The soundness of such decisions may be readily admitted, but they do not relate to the question under consideration. Because a receiver of an insolvent corporation is not permitted to take charge of funds on deposit or in trust with another for specific purposes, it does not follow that a receiver may not, in a proper case, be appointed for the trustee himself. There is nothing in the nature or character of a trustee which exempts him from the legal remedy of a receivership and a receiver may be appointed for a trustee when proper grounds are shown the same as for any other person. 23 R. C. L. 31; 34 Cyc. 60; 39 Cyc. 576; *Goldsmith* v. *Fechheimer* (Ky.) 28 S. W. 21; *Brown* v. *Duffin* (C. C. A.) 13 F. (2d) 708; *Clay* v. *Irrigation Co.*, 14 Wash. 543, 45 P. 141; *Utah Ass'n Credit Men* v. *Budge*, 16 Idaho 751, 102 P. 390, 691; *Cameron* v. *White*, 128 Okl. 251, 262 P. 664.

The next ground urged against the validity of the appointment is that the supplemental complaint does not state facts sufficient to invoke the jurisdiction of the court to make the appointment. It is argued that the plaintiffs in the original action were not creditors of People's Bonded Trustee; that no action was pending against

People's Bonded Trustee, and no relief asked against it except the appointment of a receiver; and that an action merely for the appointment of a receiver is unheard of and cannot be maintained. In this proceeding we inquire only into questions which relate to the jurisdiction of the court to make the order complained of. Mere legal errors, for which the order might be reversed on appeal, are not grounds for relief by writ of review. It is with that limitation that the matter under consideration must be tested.

Pleadings are necessary to invoke the jurisdiction of a court. A court can judicially consider only what is presented by the pleadings, and the judgment must be within and supported by the pleadings. *In re Evans*, 42 Utah 282, 130 P. 217. This does not mean, however, that to sustain jurisdiction the pleadings must be free from defects or legal objections. If it can be gathered from the allegations, either directly or inferentially, that the party was seeking the relief granted, or that he was entitled thereto, or if the allegations tend to show, or colorably or inferentially show, each material fact necessary to constitute a cause of action, or if the object of the pleader can be ascertained from the allegations, no matter how defective they are or how many necessary ones are omitted, the court having power to grant the relief sought and having the parties before it, the judgment is not void for lack of jurisdiction. A judgment is never void for defects in a petition which is amendable. *Jarrell* v. *Cole*, 215 F. 315, 131 C. C. A. 589, L. R. A. 1916E, 298, and annotation, page 316.

"A judgment based on a complaint which does not state facts sufficient to constitute a cause of action, is not for that reason a judgment in excess of jurisdiction, or void, if the court rendering it has jurisdiction of cases of the kind which the complaint attempts to allege." In re Hughes, 159 Cal. 360, 113 P. 684.

"If the object of the plaintiff can be ascertained from the allegations of his complaint, and the court has power to grant the relief demanded, and jurisdiction of the parties, the judgment is not vulner-

able to a collateral attack, although the complaint may in fact be bad in substance." *N. P. C. Co.* v. *Thomas,* 26 Or. 381, 38 P. 307, 46 Am. St. Rep. 636.

In the instant case it clearly appears from the pleadings that the plaintiffs were creditors of Guaranteed Securities Company; that the latter was in imminent danger of insolvency, and had previously transferred to People's Bonded Trustee considerable mortgages, securities, and money "in trust for said Guaranteed Securities Company and the creditors of said company"; that the trustee had voluntarily turned over, but had not assigned, the trust funds and property to the receiver of the Guaranteed Securities Company, and had discontinued business; that, owing to the situation, the receiver of Guaranteed Securities Company could not transfer, assign, or release any of the securities mentioned, because they were in the name of People's Bonded Trustee; and that it was therefore necessary to have a receiver appointed for People's Bonded Trustee in order to execute the trust. From the pleadings it is clearly inferable, if not expressly stated, that the plaintiffs had an interest in the trust property, and by the remedy proposed sought to have it subjected to their claims. It is clear that the action against People's Bonded Trustee was essentially to subject the trust property to the claims of the plaintiffs and other beneficiaries of the trust, and the appointment of the receiver was ancillary to that purpose. We think there were ample facts made to appear by the pleadings to invest the court with jurisdiction to appoint the receiver, and having the general power to do so in such cases, and, the parties being present, the appointment may not be challenged for lack of jurisdiction, merely because the pleadings are defective.

The remaining grounds, namely, that no bond was required from the plaintiffs, and that People's Bonded Trustee has no appeal from the order, require but brief notice.

Comp. Laws Utah 1917, § 6766, under which it is claimed that a bond should have been required, provides that the court may require an undertaking, if a receiver be appointed upon an ex parte application. Here the application was not ex parte, but upon the written answer and appearance of the defendant, admitting the allegations of the supplemental complaint, and thereby in effect consenting to the appointment of the receiver.

That the People's Bonded Trustee had no appeal from the order now complained of has no relevancy to the validity of the order. That pertains solely to plaintiffs' right to have the matter reviewed by the writ which was issued herein. The absence of the right of appeal does not enlarge the scope of review. It is only a condition upon which the writ may be issued at all.

The order complained of, appointing the receiver for People's Bonded Trustee, being within the jurisdiction of the court, the same must be and is affirmed.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.